## BORDEN v BORDEN

1. Contempt—Confinement—Civil Contempt—Criminal Contempt
    —Coercion—Punishment.

    Contempt proceedings for nonsupport may be either criminal or
    civil in character, and either type may involve confinement;
    civil contempt seeks to coerce a defendant to do what he is able
    to do but refuses to do, while criminal contempt imposes a
    definite term of imprisonment as punishment for a past offense.

2. Contempt—Statutes—Criminal Contempt—Imprisonment—30
    Days.

    The punishment provision of the statute governing contempt
    proceedings provides that imprisonment for contempt where it
    is no longer within the power of the party to perform the act or
    duty ordered may not exceed 30 days (MCLA 600.1715; MSA
    27A.1715).

3. Contempt—Civil Contempt—Coercive Commitments—Power to
    Comply—Child Support.

    A commitment to coerce performance may properly continue so
    long as it is within the power of the contemnor to comply with
    the court order, but a statute limits the length of a coercive
    commitment to compel the payment of child support to one
    year even where the party continues to be in contempt (MCLA
    552.201; MSA 25.161).

4. Contempt—Criminal Contempt—Procedural Safeguards—
    Crimes of Equal Gravity—Sentencing.

    The time of sentencing for contempt is too late to inform a
    defendant that he has just been convicted of criminal contempt;
    to convict for criminal contempt requires compliance with the

References for Points in Headnotes
[1] 17 Am Jur 2d, Contempt §§ 5, 40, 51.
    24 Am Jur 2d, Divorce and Separation § 754 *et seq.*
[2–5] 24 Am Jur 2d, Divorce and Separation §§ 755, 764, 768, 770.
    Inability to comply with judgment or order as defense to charge of
    contempt. 22 ALR 1260, s. 31 ALR 650, 40 ALR 547, 76 ALR 392.

procedural safeguards established for the prosecution of any other crime of equal gravity.

5. CONTEMPT—COERCIVE COMMITMENT—PREREQUISITES—POWER TO COMPLY—JUDGES.

The ability to comply with a court's order and the possibility of terminating confinement is a prerequisite to coercive commitment for contempt, therefore, a trial judge must find that the defendant is or could be of sufficient ability to comply with the order before imposing sentence.

Appeal from Kent, Stuart Hoffius, J. Submitted November 4, 1975, at Grand Rapids. (Docket No. 22732.) Decided January 26, 1976.

Complaint for divorce by Margaret Borden against Thomas Borden. Divorce granted with an award for child support. Plaintiff petitioned for enforcement of delinquent payments under the support order. From an order committing defendant to jail for contempt until arrearages of support money are paid, defendant appeals by leave granted. Reversed and remanded.

*Harold S. Sawyer,* Kent County Prosecuting Attorney, *Donald A. Johnston,* Chief Assistant Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for plaintiff.

Legal Aid & Defender Association of Kent County (by *William Burnham),* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. By leave granted, defendant appeals from an order committing him to the Kent County jail until arrearages of support money are paid.

The parties were divorced in 1962. Plaintiff re-

ceived custody of the two children and defendant was ordered to pay $40 per week child support. Defendant subsequently remarried; he and his present wife have six children. Plaintiff also remarried and apparently is now separated, being an ADC recipient since 1970. According to the Friend of the Court's records, defendant last paid support in June, 1967. Between July, 1967, and May, 1974, several writs of attachment were issued but, for reasons not apparent of record, never served. In May, 1974, defendant was told that there was an outstanding warrant for his arrest and he surrendered himself to the Jackson County Sheriff.

On May 21, 1974, defendant appeared in Kent County Circuit Court. At the hearing the Friend of the Court stated that plaintiff owed $9,567 in support plus $139 in Friend of the Court fees. Defendant sought to explain his non-payment of support by saying that he thought his wife had "adopted" the children, that he hadn't heard from anyone in 6-1/2 years, and that he had lived in Jackson and been listed in the city directory during that time. The judge asked him how much he had been making all those years. Defendant replied that he had been unemployed at first but that he had been working the last 2-1/2 years. He advised the judge that he was making $4.19 an hour at that job, plus $2.25 per hour at a part-time job. The judge stated:

"Well, I hope you worked long enough to do some good for yourself with us."

The judge then ordered defendant to pay $1,000 of the arrearages plus a $139 Friend of the Court fee, and court costs of $200, a total of $1,339. The judge further ordered defendant committed to jail until the $1,339 was paid, but not for more than

one year. Defendant remained in jail until this Court, on March 12, 1975, ordered him released on personal recognizance pending appeal.

Contempt proceedings for nonsupport may be either criminal or civil in character. Either type of contempt proceeding may involve confinement. Civil contempt imposes a term of imprisonment which ceases when defendant complies with the court's order or when it is no longer within his power to comply. Civil contempt seeks to coerce compliance, to coerce the defendant to do what he is able to do but refuses to do. The defendant carries the keys to his prison in his own pocket. Criminal contempt, on the other hand, imposes a definite term of imprisonment as punishment for a past offense. *Sword v Sword,* 59 Mich App 730; 229 NW2d 907 (1975).

The statute governing contempt in general includes, among the acts punishable as contempt, failure to pay child support ordered by the court. MCLA 600.1701(5); MSA 27A.1701(5). Although the statute does not characterize proceedings under it as either civil or criminal, the punishment provision distinguishes between those cases where it is still within the power of the party to perform the act or duty ordered and all other cases. MCLA 600.1715; MSA 27A.1715. In all these latter cases, imprisonment for contempt may not exceed 30 days. In those cases where it is still within the power of the party to perform the act or duty ordered, however, the defendant may be imprisoned until he performs the act or duty or is no longer able to.

Thus, under the general contempt statute the defendant here could have been sentenced to 30 days imprisonment for nonpayment of support money, whether he was able to pay or not and

without the possibility of terminating the imprisonment by paying the support ordered. Such an unconditional and punitive confinement indicates that the contempt conviction is criminal. However, the defendant could also have been convicted of contempt and, as in the instant case, sentenced to more than 30 days imprisonment, if the sentence clearly provided for termination of the confinement upon compliance with the order of court and if the contemnor were able to comply. Such conditional and coercive confinement indicates that the contempt proceeding is civil. The contemnor must have the ability to comply with the court's order and the possibility of terminating his confinement and purging himself of contempt by complying. *Jaikins v Jaikins,* 12 Mich App 115; 162 NW2d 325 (1968).

Insofar as MCLA 600.1715; MSA 27A.1715 is concerned, a commitment to coerce performance may properly continue so long as it is within the power of the contemnor to comply with the court order. *Harvey v Lewis,* 10 Mich App 709; 160 NW2d 391 (1968). MCLA 552.201; MSA 25.161, however, which specifically concerns contempt for failure or refusal to pay child support, limits the length of a coercive commitment to one year, regardless of whether the party continues to be in contempt.

This latter statute (MCLA 552.201; MSA 25.161) clearly contemplates and is concerned only with coercive commitment and civil contempt.[1] The statute reads in pertinent part:

---

[1] That does not mean a defendant may not be convicted of criminal contempt for failure to pay court ordered child support. As we have seen, under MCLA 600.1701; MSA 27A.1701, he may be; and he may be sentenced to 30 days imprisonment for it, MCLA 600.1715; MSA 27A.1715. The time of sentencing, of course, is too late to inform the defendant that he has just been convicted of criminal contempt. *People v Johns,* 384 Mich 325; 183 NW2d 216 (1971). To convict for criminal contempt requires compliance with the procedural safe-

"Whenever the court shall be satisfied that the party is of sufficient ability to comply with said order, or by the exercise of diligence could be of sufficient ability, and has neglected or refused to do so, said court may forthwith punish such person for contempt of said court by making an order placing such person on probation or may commit him to the county jail * * * or to any state prison or any penal institution in the state of Michigan for such period as said party shall continue to be in contempt, not to exceed 1 year, however; * * * ."

The confinement authorized is conditional upon the contemnor's continuing in his contempt. The party thus has the opportunity to secure his release by purging himself of his contempt. Furthermore, the statute requires that the court find that the defendant is or could be of "sufficient ability" to comply with the support order. *Sword v Sword, supra,* 734. Such ability to comply is also prerequisite to a sentence of coercive commitment. *Sword v Sword, supra, Jaikins v Jaikins, supra, Harvey v Lewis, supra.*

In the instant case the proceedings were civil in nature and the sentence of commitment coercive. The sentence provided for termination of the confinement upon compliance with the order of the court, thus allowing the defendant the opportunity to purge himself. Under the statutes and case law, however, a sentence of coercive and conditional confinement is not proper unless the contemnor has the ability to comply with the court order. MCLA 552.201; MSA 25.161; MCLA 600.1715; MSA 27A.1715. *Sword v Sword, supra, Jaikins v Jaikins, supra.* Before imposing coercive commitment, the trial judge must find that the defendant is or could be of "sufficient ability" to comply with

guards established for the prosecution of any other crime of equal gravity. *People v Johns, supra.*

the order. *Sword v Sword, supra.* In the present case the trial judge only asked what the defendant had been earning the past few years. The judge did not inquire about nor consider other factors which might have affected defendant's ability to comply with the order. There was no finding that the defendant had "sufficient present ability" to obey the court's order. *Sword v Sword, supra.* Nor does the record contain sufficient facts to support such a finding. Accordingly, the trial court's order of commitment must be reversed.

In view of our disposition of the case it is not necessary to decide nor discuss any constitutional issue. See *Sword v Sword, supra,* (R. B. BURNS, J., concurring).

Reversed and remanded.