PER CURIAM.
In this case, we are asked to decide whether a violation of the statute that makes it a felony to refuse to pay court-ordered support for a former or current spouse or for a child, MCL 750.165(1), is subject to the ten-year period of limitations in MCL 600.5809(4) or the six-year “catch-all” period of limitations in MCL 767.24(5). We are also asked to decide whether a violation of this statute constitutes a continuing offense.
We affirm the Court of Appeals conclusion that a charge of felony nonsupport is subject to the six-year period of limitations of MCL 767.24(5).[1] We reject the Court of Appeals conclusion that a violation of MCL 750.165(1) is a continuing offense. We thus overrule People v Westman, 262 Mich App 184; 685 NW2d 423 (2004),[2] to the extent that it is inconsistent with our decision in this case.
Defendant was charged with criminal nonsupport well after the six-year limitations period expired. The Court of Appeals thus erred in affirming the trial court’s denial of defendant’s motion to dismiss the *51 charge. Accordingly, we affirm in part and reverse in part the Court of Appeals judgment. People v Monaco, 262 Mich App 596; 686 NW2d 790 (2004). We remand this case to the trial court for entry of an order granting defendant’s motion to dismiss the charge.
i
On August 20, 1984, defendant was ordered to pay child support for his two minor children under a default judgment of divorce. The order required
that the Defendant shall pay to the Friend of the Court for the County of Macomb to be transmitted to the Plaintiff for the support and maintenance of the minor children of the parties, the sum of $43.44 per week per child, for each of the two (2) minor children... until each of the said children have attained the age of eighteen or until further Order of this Court.
Defendant’s youngest child turned eighteen in March 1994. In December 2002, defendant was charged with violating MCL 750.165(1), which provides[3]:
If the court orders an individual to pay support for the individual’s former or current spouse, or for a child of the individual, and the individual does not pay the support in the amount or at the time stated in the order, the individual is guilty of a felony punishable by imprisonment for not more than 4 years or by a fine of not more than $2,000.00, or both. [Emphasis supplied.]
The statute does not contain an express limitation of actions provision.
At defendant’s preliminary examination, the pros *52 ecution presented testimony that defendant’s child support arrearage amounted to $57,556.31, and that defendant had made no payments on the account since November 2001. Defendant’s arrearage included both unpaid child support and Family Independence Agency (FIA) surcharges. Commencing in January 1996, a biannual surcharge also attached to defendant’s delinquent account. The trial court bound defendant over, concluding that the judgment was “subject to the enforcement of the criminal sanctions.”
Defendant moved to dismiss the charge or quash the bindover, arguing that the criminal nonsupport charge was time-barred under the six-year limitations period contained in MCL 767.24(5), the catchall statute of limitations for crimes not otherwise specifically provided for in MCL 767.24. Defendant also argued that his prosecution under the amended statute violates the ex post facto clauses of the United States and Michigan constitutions. US Const, art I, § 10, cl 1; Const 1963, art 1, § 10.
The trial court denied defendant’s motion. The court ruled that the charge was not time-barred, relying on the ten-year period of limitations in MCL 600.5809(4). That statute provides:
For an action to enforce a support order that is enforceable under the support and parenting time enforcement act, Act No. 295 of the Public Acts of 1982, being sections 552.601 to 552.650 of the Michigan Compiled Laws, the period of limitations is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made.
The Court of Appeals affirmed the trial court’s decision on different grounds. The panel held that the trial court erred in concluding that the matter was governed *53 by the ten-year limitations period found in MCL 600.5809(4) because that statute pertains to civil actions for collection on monetary obligations, not to criminal actions. Instead, the panel concluded that the crime of felony nonsupport is subject to the six-year period of limitations found in MCL 767.24(5).
The panel then held that defendant’s failure to pay the arrearage of his court-ordered child support constitutes a continuing violation of MCL 750.165(1), because the court-ordered amount is both increased and reaffirmed every six months when the surcharge for nonpayment is added to the support arrearage. Expanding on the ruling in Westman, supra, in which the Court held that a violation of MCL 750.165(1) constitutes a continuing crime, the panel held:
[A] violation may be continuing under either the “amount owed theory” or the “time ordered theory.” Under the “amount owed theory,” the violation continues as long as an ordered support goes unpaid. The amount ordered is at the same time increased and reaffirmed each time the surcharge is added. For this reason, an “amount owed” violation may continue even beyond the child’s eighteenth birthday. Under the “time ordered theory,” the defendant violates MCL 750.165 when he fails to make the weekly support payment. The defendant also violates MCL 750.165 at the time each surcharge is added to the account and, at the same time, becomes due and owing. [Monaco, supra at 606-607.]
Applying an “amount owed” continuing violation theory, the Court of Appeals held that the statutory period of limitations on the felony-nonsupport charge against defendant never began to run because of defendant’s arrearage. The panel thus affirmed the trial court’s denial of defendant’s motion to dismiss the felony-nonsupport charge or quash the bindover.
*54 ii
“In reviewing a district court’s decision to bind over a defendant, the lower court’s determination regarding the sufficiency of the evidence is reviewed for an abuse of discretion, but the lower court’s rulings based on questions of law are reviewed de novo.” People v Schaefer, 473 Mich 418, 427; 703 NW2d 774 (2005).
in
The first issue is the limitations period applicable to violations of MCL 750.165(1). We concur with the Court of Appeals that the appropriate limitations period for violations of MCL 750.165 is contained in MCL 767.24(5)[4] and adopt its analysis appearing at 262 Mich App 601-603:
MCL 600.5809(4) more specifically addresses support orders:
“For an action to enforce a support order that is enforceable under the support and parenting time enforcement act, Act No. 295 of the Public Acts of 1982, being sections 552.601 to 552.650 of the Michigan Compiled Laws, the period of limitations is 10 years from the date that the last support payment is due under the support order regardless of whether or not the last payment is made.”
But the statute as a whole clearly applies only to civil actions, not criminal charges. If the language of a statute is clear, no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover. People v Pasha, 466 Mich 378, 382; 645 NW2d 275 (2002). MCL *55 600.5809 sets forth a ten-year period of limitations for civil claims seeking enforcement and collection of a noncontractual money obligation. It does not identify any criminal charges whatsoever. Even MCL 600.5809(2), which applies in the criminal context, applies only to civil forfeiture actions based on a penal statute. MCL 600.5809(4) clearly identifies actions brought under the support and parenting time act and makes no reference at all to criminal charges, let alone the charge of felony nonsupport. Further, although the felony-nonsupport charge is related to an order of support pursuant to the support and parenting time act, it is a distinct criminal action that is not covered by MCL 600.5809.
The appropriate statutory limitations period is set forth in MCL 767.24[(5)]. MCL 767.24 generally identifies ... different limitations periods for ... different crime categories:
“[(5)] Ml other indictments shall be found and filed within 6 years after the offense is committed. [Emphasis added.]”
Because MCL 750.165 is not identified in [other subsections of the statute], it necessarily falls under subsection [5], which unambiguously identifies “all other indictments.” It is a settled rule of statutory construction that, unless otherwise defined in a statute, statutory words or phrases are given their plain and ordinary meanings. MCL 8.3a; People v Libbett, 251 Mich App 353, 365-366; 650 NW2d 407 (2002). “There is no broader classification than the word ‘all.’ In its ordinary and natural meaning, the word ‘all’ leaves no room for exceptions.” Skotak v Vic Tanny Int’l, Inc, 203 Mich App 616, 619; 513 NW2d 428 (1994).
IV
Defendant was charged with criminal nonsupport under MCL 750.165(1) more than eight years after his court-ordered support obligation ended. Defendant’s *56 prosecution is, therefore, time-barred unless a violation of MCL 750.165(1) constitutes an offense that continues until an individual has fully satisfied the monetary support obligation, i.e., until the individual no longer has a support arrearage.
The Court of Appeals held that a violation of MCL 750.165(1) is a continuing offense because the FIA’s biannual surcharge led to a biannual violation of the statute by defendant. Under the Court of Appeals reasoning, that violation continues for as long as a payer owes any amount. We reject the conclusion that a violation of MCL 750.165(1) is a continuing offense.
The relevant question in this case is whether the Legislature intended a violation of MCL 750.165 to be a continuing offense. We review the statutory text to discern legislative intent. People v Lively, 470 Mich 248, 253; 680 NW2d 878 (2004).
An individual is guilty of felony nonsupport under MCL 750.165(1) if the individual “does not pay the support in the amount or at the time stated in the order ....” The word “or,” when read in context (“does not pay”), indicates that the statute is violated if the individual neither pays the ordered amount nor pays that amount when it is due. Thus, the plain language of MCL 750.165(1) directs that the crime of felony nonsupport is complete when an individual fails to pay support in the amount ordered at the time ordered. In other words, an individual may be guilty of felony nonsupport if the individual either pays the full ordered amount after the due date or pays an amount less than the ordered amount before the due date and the due date passes without the individual making full payment. Thus, anyone who fails to pay the full ordered amount at the time ordered may be prosecuted under MCL 750.165(1) even if that individual later becomes *57 current on the obligation. The Legislature did not specify carrying a support arrearage as a means by which an individual could violate MCL 750.165(1). Because a person is subject to conviction and punishment each time the statute is violated, separate violations of the statute cannot constitute a single continuing offense.[5]
Our conclusion finds further support when MCL 750.165(1) is compared to MCL 750.161. In MCL 750.161(6), the Legislature expressly provided:
Desertion, abandonment, or refusal or neglect to provide necessary and proper shelter, food, care, and clothing as provided in this section shall be considered to be a continuing offense and may be so set out in any complaint or information. [Emphasis supplied.]
Thus, in this statute, the Legislature expressly provided that these acts constitute continuing offenses. By con *58 trast, no such language appears in MCL 750.165(1). “Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute . . . .” Farrington v Total Petroleum, Inc, 442 Mich 201, 210; 501 NW2d 76 (1993).[6]
We conclude that the Legislature did not intend that a violation of MCL 750.165(1) continue until an individual’s monetary support obligation is fully discharged.
v
In summary, the crime of nonsupport under MCL 750.165(1) is complete at the time that an individual fails to pay the ordered amount at the ordered time. Under the limitations period of MCL 767.24(5), a prosecutor has six years from that point in which to charge such violations. Here, because the six-year period of limitations expired before defendant was charged with criminal nonsupport, we need not reach defendant’s remaining argument that his prosecution violates constitutional ex post facto prohibitions. Accordingly, we reverse the portion of the Court of Appeals opinion that is inconsistent with our ruling and remand for entry of an order granting defendant’s motion to dismiss the charge.
Affirmed in part, reversed in part, and remanded to the trial court.
*59 Taylor, C.J., and Cavanagh, Corrigan, Young, and MARKMAN, JJ., concurred.

 The Court of Appeals opinion cites MCL 767.24(4) as the “catch-all” provision. In 2004, the Legislature redesignated subsections 4, 5, and 6. MCL 767.24(5) now provides the catchall limitations period.

 In Westman, supra at 188-189, the Court of Appeals held that a violation of MCL 750.165 is a continuing offense. The defendant in Westman did not file an application for leave to appeal in this Court.

 MCL 750.165(1) was amended by the Legislature effective November 3, 1999. “Under the amended version of MCL 750.165, evidence that an individual refused or neglected to pay child support and left the state is no longer necessary to establish felony failure to pay child support.” Westman, supra at 187.

 Our conclusion that the six-year period of limitations in MCL 767.24(5) applies to violations of MCL 750.165 is in no way intended to alter or weaken the ten-year period of limitations in MCL 600.5809(4), because, as stated, the latter statute applies to civil claims for collection on monetary obligations, not to criminal actions.

 We reject the dissent’s contention that our reading of the statute is contrary to its plain language. Contrary to what the dissent believes, our reading of the statute does not ignore the word “or” or replace the word “or” with the word “and,” but merely follows the context of the sentence in the statute. The dissent would ignore the context and hold that the statute can be violated by meeting just one of the two conditions listed in the statute. Such an interpretation would clearly fail to comply with the Legislature’s intent, as expressed in the unambiguous words of the statute. Under the dissent’s interpretation, an individual would violate the statute by failing to pay support in the required amount even if the payment was not yet due. We do not believe that the words of the statute show an intent by the Legislature to hold an individual criminally liable for failing to pay the ordered support amount without also considering the date the support payment was due. Further, the dissent’s interpretation would also allow an individual ordered to pay support to avoid satisfying the second condition (failure to pay at the time stated in the court order) by paying a negligible amount before the due date. Under such an interpretation, an individual could pay any amount to satisfy the requirement that payment be made at the time stated in the court order. We believe that under the unambiguous words of the statute, the amount of the support order must be considered together with the date it is due in determining whether a violation occurred.

 We disagree with the dissent’s statement that the Legislature did not need to include such language in MCL 750.165 because the nature of felony nonsupport is such that the Legislature must assuredly have intended that it be treated as a continuing offense. The plain language of MCL 750.165(1) indicates that a violation occurs as soon as the due date passes without the individual paying the amount required. Thus, each violation of the felony-nonsupport statute has a distinct date. If the Legislature had meant for a violation of MCL 750.165(1) to be a continuing offense, it would have so stated.