# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 11, 2006

126852

Rehearing No. 527

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

VITO MONACO,
      Defendant-Appellant.

SC: 126852
COA: 247383
Macomb CC: 03-000015-FH

_____/

In this cause, the Attorney General's motion to intervene and motion for rehearing have been considered. The motion to intervene is DENIED as unnecessary. Pursuant to MCL 14.28, the Attorney General is required to prosecute all actions in this Court in which the state is a party. Because this is a criminal action in which the state is a party, the Attorney General has been listed as a representative of the state throughout the proceedings in this Court and, therefore, does not need to intervene. As for the motion for rehearing, it is DENIED.

WEAVER, J. (dissenting in part):

I dissent from the majority's decision to deny rehearing. I previously joined Justice Kelly in her concurrence/dissent to the majority's affirmance of the Court of Appeals decision regarding the appropriate statute of limitations. *People v Monaco,* 474 Mich 48 (2006). I dissented from section IV and the conclusion of the majority opinion because I believed that the Court of Appeals was correct when it found that felony-nonsupport is a continuing violation. Consequently, I would have affirmed the conclusions of the Court of Appeals. For these same reasons, I would grant the Attorney General's motion for rehearing.

KELLY, J. (dissenting in part and concurring in part):

I dissent from the majority's decision to deny the motion for rehearing. As I opined in my concurrence/dissent in *People v Monaco*, 474 Mich 48, 59-65 (2006), the majority incorrectly determined that felony nonsupport is not a continuing violation.

With respect to the motion to intervene, I concur in the majority's determination that the motion is unnecessary. The Attorney General asks to join the suit as an intervening plaintiff-appellee. His arguments are framed on behalf of the people of the state of Michigan. But the people are already a party in this case. They are the plaintiff-appellee. Attorney General Michael A. Cox is listed, along with Assistant Prosecuting Attorney Jennifer Frustaci Adlhoch, as the representative of the people. See *Monaco, supra* at 48. Because the people are already a party, the Attorney General had no need to resort to MCL 14.28 or 14.101 in order to intervene. Hence, the people already are entitled to file a motion for rehearing, and the Attorney General is entitled to argue the motion.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 11, 2006

Clerk