PEOPLE v PARKER

Docket No. 261376. Submitted August 1, 2006, at Detroit. Decided April
10, 2007, at 9:15 a.m.

Charles W. Parker, III, pleaded guilty in the Macomb Circuit Court,
Antonio P. Viviano, J., of the felony offense of failing to pay
court-ordered child support. The defendant appealed.

The Court of Appeals *held*:

The trial court did not abuse its discretion in denying the
defendant's motion to withdraw his guilty plea on the asserted
grounds that the plea was involuntary and that the conviction
violated federal and state constitutional protections against double
jeopardy.

1. The trial court strictly complied with the requirements of
MCR 6.302(B)-(E), specifically asking the defendant while he was
under oath whether the plea was of his own free will. The
defendant expressly stated that he understood his rights and that
he was offering a guilty plea in exchange for the prosecution's
recommendation of a sentence of probation.

2. The defendant may not assert a defense based on the statute
of limitations. The defendant waived any claim based on the
statute of limitations by pleading guilty.

3. The defendant's felony conviction, which was preceded by
several findings of civil and criminal contempt of court involving
his child support obligation, does not violate the constitutional
prohibitions against double jeopardy. A defendant may be sub-
jected to both criminal and civil sanctions for the same act where
the civil penalty serves a purpose distinct from the punitive
purpose served by the criminal sanctions. In this case, the civil
contempt sanctions were coercive, not punitive, and the criminal
contempt sanctions pertained to the defendant's failure to appear
at the Friend of the Court office, not to his failure to pay child
support. Moreover, because the defendant committed the crime of
felony nonsupport on each occasion that he failed to pay child
support as required by the judgment of divorce, he was appropri-
ately charged with felony nonsupport regardless of whether he had

faced criminal sanctions for previous violations of the child support order.

Affirmed.

1. CRIMINAL LAW — DEFENSES — STATUTES OF LIMITATIONS — WAIVER — GUILTY PLEAS.

A defendant who pleads guilty waives the statute of limitations as a defense to the charge.

2. CRIMINAL LAW — FELONY NONSUPPORT — CIVIL AND CRIMINAL CONTEMPT OF COURT — DOUBLE JEOPARDY.

Constitutional prohibitions against double jeopardy are not violated where a defendant is convicted of the felony of failing to pay court-ordered child support after being held in civil and criminal contempt of court for violations of the support order (MCL 750.165[1]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Eric J. Smith*, Prosecuting Attorney, *Robert Berlin*, Chief Appellate Attorney, and *Donald Gillain*, Assistant Prosecuting Attorney, for the people.

*Lee A. Somerville* for the defendant.

Before: WHITBECK, C.J., and HOEKSTRA and WILDER, JJ.

WILDER, J. Defendant appeals by right from his conviction and sentence for failing to pay child support. MCL 750.165(1). We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Defendant was divorced in 1988. Regarding child support for the two minor children born on June 21, 1982, and May 15, 1985, respectively, the judgment required that defendant pay $95.50 a week until each child reached the age of 18 or graduated from high school. On March 20, 1995, pursuant to the entry of a consent order (signed by defendant) modifying the judgment of divorce, defendant's child support obliga-

tion was increased to "the sum of $110.00 per week for the two minor children, $88.00 per week for the one minor child, with an additional $25.25 per week on existing arrearages until paid in full, and $.75 per week Friend of the Court service fees, for a total weekly payment of $136.00." Through December 11, 1996, the record reflects the entry of five orders after hearings on bench warrants or orders to show cause for defendant's failure to pay child support following entry of the March 20, 1995, modified consent judgment. On December 11, 1996, defendant was found in contempt of court for his failure to pay child support as ordered, and sentenced to 90 days in the county jail *or* the payment of $500. On March 16, 1998, the trial court entered an order that required defendant to show cause why he should not be held in contempt for failing to pay child support. Defendant failed to appear at the April 7, 1998, show cause hearing, and on April 14, 1998, the trial court entered a bench warrant/order to show cause for defendant's continued failure to pay child support as ordered. Defendant was arraigned on this warrant on September 30, 1998, and following a hearing on October 1, 1998, an order entered finding defendant in contempt and sentencing defendant to 45 days in the county jail *or* the payment of $500.

On November 24, 1999, defendant was ordered to serve 90 days in the county jail, to be released on the payment of $5,000. On September 21, 2000, defendant was again ordered to serve 90 days in the county jail, to be released on the payment of $5,000. The September 21, 2000, order also provides, among other things, that "30 days contempt to be served consecutive to the 90 day sentence," and that defendant was to personally appear at the Friend of the Court office within 3 days of his release from jail or a bench warrant for his arrest would issue. On January 21, 2001, the trial court

ordered defendant's immediate release and entered an income-withholding order requiring defendant to immediately begin paying child support in the amount of $194 a week. Defendant was again ordered to appear at the Friend of the Court office within three days of his release. On September 28, 2001, the trial court entered an order finding defendant again in contempt for failing to pay child support as ordered. The trial court's order provided that defendant was to serve 90 days in the county jail, to be released on the payment of $5,000, and that "[f]or failing to check in [defendant was sentenced to] an additional 30 days consecutive in jail." Defendant was ordered to appear at the Friend of the Court office within three days of his release from the county jail. The trial court directed that if defendant failed to appear at the Friend of the Court office within three days of his release from jail, a bench warrant would issue.

On November 9, 2004, a felony warrant was authorized against defendant on a charge of failure to pay child support in violation of MCL 750.165(1). The complaint was sworn before a magistrate on November 17, 2004, and after defendant waived preliminary examination, the district court on December 2, 2004, bound the case over for trial in the circuit court. On January 6, 2005, the prosecution filed an information that charged defendant, pursuant to MCL 750.165(1), with failure to pay child support. Plea-bargain discussions occurred between the prosecution and defendant, during which the prosecution agreed to recommend probation in exchange for defendant's plea of guilty. Defendant pleaded guilty as charged. On March 3, 2005, defendant was sentenced to 5 years' probation, one year in the county jail, with the jail sentence being delayed for six months, and $95,726.46 in restitution. Defendant filed a claim of appeal, and after appellate counsel

was appointed, defendant moved in the circuit court to withdraw his guilty plea. Defendant contended that his plea of guilty was involuntary, that he had valid but previously unasserted defenses to the felony charge, including that he was incarcerated and or disabled during some portion of the time his child support was due, thus making him eligible to suspend child support during those periods; that he had a statute of limitations defense; and that his conviction constituted a double jeopardy violation under the United States and Michigan constitutions, US Const, Am V; Const 1963, art I, § 15. The trial court denied the motion to withdraw the plea. This appeal ensued.

We review the denial of a defendant's motion to withdraw a plea for an abuse of discretion. *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). We review constitutional claims de novo. *People v Dewald,* 267 Mich App 365, 381; 705 NW2d 167 (2005).

We reject defendant's claim that his plea was involuntary. The trial court strictly complied with MCR 6.302(B)-(E), specifically inquiring of defendant while he was under oath whether he entered the plea of his own free will. Defendant expressly stated that he understood his rights and that he was offering his guilty plea in exchange for the prosecution's recommendation of probation.

We also reject defendant's assertion that he has a statute of limitations defense to the charge. Defendant's plea of guilty in exchange for the probation recommendation by the prosecution constitutes a waiver of this claim. *People v Burns*, 250 Mich App 436, 439-440; 647 NW2d 515 (2002). Even if this issue had not been waived, defendant's argument lacks merit. Under MCL 767.24(5), the period of limitations for an action to enforce a child support order is six years. The

last weekly child support payment for the oldest child born in 1982 was due in June of 2000. Because the information charged defendant on January 6, 2005, and because the March 20, 1995, amended judgment of divorce required weekly payments on the arrearage until the arrearage was paid in full, the felony charge in this case was brought before the period of limitations expired.

Defendant also contends that his conviction for failure to pay child support was barred by state and federal constitutional prohibitions against double jeopardy. We disagree. A defendant may be subjected to both criminal and civil sanctions for the same act where the civil penalty serves a purpose distinct from the punitive purpose served by the criminal sanction. *People v Artman*, 218 Mich App 236, 245; 553 NW2d 673 (1996). In the instant case, the trial court entered two categories of contempt orders. One category, directing defendant to serve time in the county jail or alternatively pay an amount certain, were clearly civil contempt findings, because defendant's option to pay child support payments in a lump sum rather than serve time in jail enabled defendant to control whether he would or would not avoid incarceration by compliance with the order, a hallmark of civil contempt. *Borden v Borden*, 67 Mich App 45, 48; 239 NW2d 757 (1976). These contempt orders for payment or alternatively for incarceration, rather than being punitive, were clearly coercive.

The other category of contempt orders involves the orders entered by the trial court on September 21, 2000, and September 28, 2001. These orders directed defendant to serve 30 days in the county jail, consecutively to the 90 days to be served if defendant failed to pay the specified amount of child support. Because this category of orders is clearly punitive, they constitute criminal

rather than civil sanctions. However, the record reflects that, contrary to defendant's contention, he was sanctioned for failing to appear at the Friend of the Court office to provide contact and employment information to effectuate the income-withholding order, not for his failure to pay child support. Because the criminal sanction did not pertain to the child support owed by defendant, no double jeopardy violations occurred upon defendant's conviction in this case. *Artman, supra.*

Moreover, the crime of felony nonsupport is "complete when an individual fails to pay support in the amount ordered at the time ordered." *People v Monaco,* 474 Mich 48, 56; 710 NW2d 46 (2006). Because defendant committed the crime of felony nonsupport on each occasion that he failed to pay child support as required by the March 20, 1995, amended judgment of divorce, defendant was appropriately charged with felony nonsupport regardless of whether he had faced a criminal sanction for previous violations of the child support order.

Affirmed.

HOEKSTRA, J. I concur in the result only.