CAVANAGH, J.
(dissenting). I dissent from the majority’s conclusion that the death of a co-offender permits scoring offense variable (OV) 3, MCL 777.33, for “physical injury to a victim.” I would hold that a “victim” is any person other than the offender or a co-offender who is harmed by the offender’s criminal actions for purposes of scoring OV 3.
Although I agree with the majority’s conclusion that a “victim” is necessary in order to assess points for OV *354 3, and that a “victim” should not be limited to only the intended victim of the charged offense, I disagree with the majority that a co-offender can be considered a victim. In my view, the majority’s interpretation is contrary to the legislative intent in enacting OV 3, particularly when taken to its logical conclusion.[1]
The majority concludes that, for purposes of scoring OV 3, “a ‘victim’ is any person who is harmed by the defendant’s criminal actions.” Ante at 348; see, also, People v Albers, 258 Mich App 578, 593; 672 NW2d 336 (2003). Although this simple definition may have initial appeal, problems emerge when it is considered in more detail and in conjunction with the other provisions found in OV 3.
To begin with, MCL 777.33(2)(a) requires that “[i]n multiple offender cases, if 1 offender is assessed points for death or physical injury, all offenders shall be assessed the same number of points.” Thus, as the prosecution in this case conceded at oral argument, if defendant’s co-offender had survived being shot by the homeowner and was subsequently convicted of home invasion, the co-offender would have had points assessed for OV 3 for his own injury because defendant had points assessed for OV 3.
This paradoxical result of the majority’s overly broad interpretation of “victim” in OV 3 cannot be limited to multiple-offender cases. Rather, under the majority’s analysis, even an offender in a single-offender case must have points assessed under OV 3 for injuries that the offender causes to himself. This is because OV 3 requires that a varying number of points be scored *355 when a “[l]ife threatening or permanent incapacitating injury occurred to a victim,” a “[bjodily injury requiring medical treatment occurred to a victim,” or a “[bjodily injury not requiring medical treatment occurred to a victim.” MCL 777.33(l)(c) through (e). Thus, because the majority defines “victim” to include any person harmed by the criminal actions of the charged party, a defendant could be assessed points for OV 3 if, for example, the defendant suffered a severe cut on a window that he broke in order to commit a home invasion. Specifically, the defendant would have, at a minimum, suffered a bodily injury and, because the majority determines that a victim includes “any person” that is “harmed by the criminal actions of the charged party,” the defendant would be the victim of his own criminal action of breaking the window to complete the home invasion.
In my view, this result is inconsistent with the legislative intent as evidenced by the statutory language. Specifically, the majority’s broad definition of “victim” ignores the important distinction between a “victim” and an “offender” that is established by the language of OV 3. Throughout OV 3, the statute refers to “a victim” and “the offender” or “multiple offenders.” Thus, the statutory language strongly implies a distinction between “the victim” and “the offender”; they cannot be the same person. The majority contends that the Legislature did not intend to distinguish between “a victim” and “the offender” because the two are not directly juxtaposed within the statute and that if my interpretation were correct, the Legislature would have stated in MCL 777.33(2)(a) that points are to be assessed “for death or physical injury of a victim,” rather than merely “for death or physical injury.” However, as Justice Markman wisely explained in Robinson v City of Lansing, 486 Mich 1, 16; 782 NW2d 171 *356 (2010), “the Legislature is not required to be overly repetitive in its choice of language.” Consistently with that premise, the majority correctly states that “it is manifest that a ‘victim’ is required in all cases in which OV 3 is scored.” Ante at 343. Accordingly, the majority correctly concludes that it was unnecessary for the Legislature to refer to “the victim” in MCL 777.33(2)(b) because “a victim” is a “necessary condition to the assessment of points under OV 3.” Ante at 344. However, the majority fails to realize that this analysis is equally applicable throughout MCL 777.33(2) because the term “the victim” is implied in all the subdivisions of subsection (2), including subdivision (a). Thus, although “the victim” and “the offender” are never directly juxtaposed in the express language of the statute, because the need for a victim is implied throughout MCL 777.33, “the victim” and “the offender” are juxtaposed by implication.
If the Legislature had intended for OV 3 to be scored when an offender or co-offender was killed or injured, it would have chosen to use the word “person” rather than “victim.” For example, OV 9 instructs the court to “[c]ount each person who was placed in danger of physical injury or loss of life or property as a victim.” MCL 777.39(2)(a) (emphasis added). Accordingly, because OV 9 defines “victim” as “each person” affected by a defendant’s conduct, the definition of “victim” in OV 9 could include a co-offender. OV 3, however, never uses the word “person” in relation to “victim.” Rather, as previously discussed, OV 3 carefully distinguishes between the “offender” or “co-offender” and the “victim.” The majority’s analysis, however, essentially imports into OV 3 the definition of “victim” from OV 9. See ante at 348-349. As a result, the majority fails to give the different language used in the two OVs meaning, contrary to the rules of statutory interpretation. *357 See People v Monaco, 474 Mich 48, 58; 710 NW2d 46 (2006) (“Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute....”) (quotation marks and citation omitted).
Although dictionaries provide other definitions of “victim” that could include one who suffers self-inflicted harm,[2] those definitions are not the most applicable in the context of OV 3, given the distinction OV 3 creates between a “victim” and the “offender.” Instead, when “victim” is interpreted in context with the remainder of OV 3, the most applicable, commonly understood definition is “[s]omeone who is put to death or subjected to torture or suffering by another,” i.e., the offender. The American Heritage Dictionary of the English Language, New College Edition (1981) (emphasis added).
Finally, the majority’s reliance on the broad policy considerations supporting criminal punishment in order to conclude that its result is “reasonable” is not persuasive. Regardless of whether the majority’s result may be subjectively reasonable to some, its result is contrary to the Legislature’s intent as communicated by the plain language of OV 3, and thus runs afoul of this Court’s primary goal when engaging in statutory interpretation. Klooster v City of Charlevoix, 488 Mich 289, 296; 795 NW2d 578 (2011) (“The primaiy goal of statutory interpretation is to give effect to the Legislature’s intent, focusing first on the statute’s plain language.”) (citation omitted).
*358 Therefore, while I agree with the majority’s conclusion that, for purposes of OV 3, “victim” should not be limited to only the intended victim of the charged offense, I would hold that a victim is any person other than the offender or a co-offender who is harmed by the offender’s criminal actions.
Accordingly, I would affirm the Court of Appeals’ result.
Marilyn Kelly and Hathaway, JJ., concurred with Cavanagh, J.

 Because in my view a co-offender cannot be a victim for purposes of scoring OV 3, it is unnecessary to determine whether defendant’s co-offender was “harmed by the criminal actions of the charged party.” Accordingly, I will not address part III(B) of the majority opinion.

 See, e.g., The American Heritage Dictionary of the English Language, New College Edition (1981) (alternatively defining “victim” as “[a] person who suffers injury, loss, or death as a result of a voluntary undertaking”).