2007 ND 159

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Rockwell Dean SKARSGARD, Defendant and Appellant.**

No. 20070034.

Supreme Court of North Dakota.

Oct. 16, 2007.

Rehearing Denied Nov. 14, 2007.

Mark A. Flagstad, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Mark S. Douglas, N.D. Public Defender's Office, Williston, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Rockwell Skarsgard appealed from a criminal judgment and sentence entered after a jury found him guilty of driving under the influence ("DUI") and driving under suspension ("DUS"). Skarsgard argued criminal judgments on appeal to this Court are not "convictions" for the purpose of sentence enhancement from a DUI to a DUI–5th, a class C felony, nor for the purpose of sentence enhancement from a DUS to a DUS–4th, a class A misdemeanor. We affirm the judgment and sentence of the district court.

## I.

[¶ 2] In October 2006, Skarsgard was found guilty by a jury of DUI and DUS. He appealed those criminal judgments to this Court in October 2006. Skarsgard was found guilty by a jury in December 2006 of additional charges of DUI and DUS stemming from another incident. His appeal of the October judgments was pending in this Court at the time of Skarsgard's trial and sentencing. *See State v. Skarsgard* (Docket No. 20060304).

[¶ 3] The district court delayed until after trial its determination of whether Skarsgard's DUI and DUS sentences should be enhanced by the appealed October judgments. If considered by the district court, Skarsgard's October convictions would be his fourth DUI and third DUS within the statutory time periods, requiring increased DUI and DUS sentences. *See* N.D.C.C. §§ 39–08–01(4) and 39–06–42(1). After post-trial briefing by both parties, the district court held the October DUI and DUS criminal judgments could be used against Skarsgard. Accordingly, the district court increased Skarsgard's sentence for the December convictions to a DUI–5th, a class C felony, and a DUS—4th, a class A misdemeanor. The district court based its decision on legislative history surrounding a 1993 change from the word "conviction" to "offense" in N.D.C.C. § 39–08–01(2), which specifies the penalties for DUI offenses. The district court interpreted the legislative history to indicate an intent to allow use of "offenses" rather than "convictions" to enhance DUI sentences and treated Skarsgard's October criminal judgments as "offenses."

## II.

[¶ 4] The issue on appeal is whether the district court erred in considering criminal judgments on appeal to this Court for enhancement of a DUI and DUS. Specifically, Skarsgard argues criminal judgments on appeal to this Court are not "convictions" as that term is defined in N.D.C.C. § 39–06–30 and therefore cannot be used. A conviction is defined in N.D.C.C. § 39–06–30 as "a final order or judgment of conviction by the North Dakota supreme court, any lower court having jurisdiction, a tribal court, or a court in another state provided that no appeal is pending and the time for filing a notice of appeal has elapsed...." The State argues the district court's decision was appropriate based on the use of the word "offense" instead of "conviction" in the applicable statute, N.D.C.C. § 39–08–01(2). Skarsgard alternatively argues the term "offense" nevertheless requires a conviction, according to North Dakota statutory and case law.

[¶ 5] "Construction of statutes is a question of law and therefore fully

reviewable." *State v. Bachmeier,* 2007 ND 42, ¶ 16, 729 N.W.2d 141 (citing *State v. Higgins,* 2004 ND 115, ¶ 13, 680 N.W.2d 645). Our primary goal in interpreting statutes is to ascertain the legislature's intent, and we first look to the statutory language and give that language its plain, ordinary, and commonly understood meaning. *State v. Buchholz,* 2005 ND 30, ¶ 6, 692 N.W.2d 105 (citations omitted); N.D.C.C. § 1–02–02. Statutes are construed to give meaning and effect to every word, phrase, and sentence. *See* N.D.C.C. §§ 1–02–02 and 1–02–03; *see also State v. Zahn,* 2007 ND 2, ¶ 9, 725 N.W.2d 894 (citations omitted). Only if the language of a statute is ambiguous will extrinsic aids be used to ascertain the legislature's intent. *Southeast Cass Water Resource Dist. v. Burlington Northern R. Co.,* 527 N.W.2d 884, 888 (N.D.1995) (citations omitted).

[¶ 6] We do not need to go beyond the meaning of "offense" in N.D.C.C. §§ 39–08–01(2) or 39–06–42 because it is defined in N.D.C.C. § 12.1–01–04(20). Unless a different meaning plainly is required, an "offense" is defined as "conduct for which a term of imprisonment or a fine is authorized by statute after conviction." N.D.C.C. § 12.1–01–04(20). While the statute states the definition applies to Title 12.1 of the Code, this Court has held Title 12.1 is an appropriate source to look to in determining definitions used elsewhere in the Code. *State v. Benson,* 376 N.W.2d 36, 41 (N.D.1985). Furthermore, we have applied Title 12.1 to other sections of the Code when those sections are construed as "penal in nature." *See Snortland v. Crawford,* 306 N.W.2d 614, 622 (N.D.1981) (applying Title 12.1 to N.D.C.C. § 16–20–17.3, formerly known as the Corrupt Practices Act). The Court of Appeals of North Dakota has construed N.D.C.C. § 39–08–01 as penal in nature. *See State v. Smith,* 2005 ND App 5, ¶ 5, 697 N.W.2d 368 (de-

scribing N.D.C.C. § 39–08–01 as a penal statute).

[¶ 7] We hold the definition of "offense" in N.D.C.C. § 12.1–01–04(20) applies to N.D.C.C. §§ 39–08–01 and 39–06–42. Title 39 does not provide its own definition of "offense" and there is no expressed intent to use a different definition for N.D.C.C. §§ 39–08–01 or 39–06–42. Skarsgard's DUI and DUS convictions by a jury trial meet the definition of offense as both driving under the influence and driving under suspension are conduct for which a term of imprisonment or fine is authorized by statute after conviction. The district court correctly considered Skarsgard's October offenses when it enhanced his DUI to a DUI–5th and enhanced his DUS to a DUS—4th.

[¶ 8] Skarsgard also argues use of judgments on appeal to this Court for enhancement purposes is inappropriate because the absence of appellate review renders the criminal judgments unreliable. Skarsgard cites this Court's decision in *State v. Orr,* 375 N.W.2d 171 (N.D.1985), as the basis for his argument. The *Orr* case involved a DUI conviction which resulted from an uncounseled guilty plea without evidence of waiver of counsel by the defendant. *Id.* at 174. We decline to find that the same reliability concerns expressed in *Orr* exist when a DUI conviction follows a jury trial where the defendant was represented by counsel. We also decline to find a judgment unreliable simply because a defendant has exercised his right to appellate review and a decision by the appellate court has not yet been rendered.

### III.

[¶ 9] We affirm the judgment and sentence of the district court.

[¶ 10] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.