2008 ND 110

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ned William NASTROM, Defendant and Appellant.**

**No. 20070306.**

Supreme Court of North Dakota.

June 5, 2008.

Reid Alan Brady, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Richard Edward Edinger, Fargo, N.D., and Richard David Varriano (on brief), Moorhead, MN, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Ned William Nastrom, Jr., appeals from a criminal judgment for willful failure to pay child support entered after a conditional guilty plea. Nastrom argues the felony prosecution was barred by a three-year statute of limitations. We hold the criminal prosecution is not barred by the statute of limitations because it was brought within three years of a court order for Nastrom to pay child support arrearages. We affirm.

I

[¶ 2] In June 1983, Nastrom was adjudged to be the father of a child born in 1982, and Nastrom was ordered to pay $150 per month in child support until the child turned 18 or was otherwise emancipated. On February 9, 2007, the State charged Nastrom with a class C felony under N.D.C.C. § 12.1–37–01(1) for willful failure to pay child support, alleging that between February 10, 2004, and February 9, 2007, Nastrom willfully failed to pay child support in an amount ordered by a court or other governmental agency in an amount greater than $2,000. An affidavit by an attorney for the Regional Child Support Enforcement Unit stated that: (1) between January 31, 2004, and April 30, 2006, Nastrom had been ordered to pay $200 per month for child support and had failed to make any payments during 22 of those months; (2) between May 1, 2006, and February 5, 2007, Nastrom had been ordered to pay $360 per month for child support and had failed to make any payment during four of those months; (3) between January 31, 2004, and February 5, 2007, Nastrom had been ordered to pay a total of $9,200, but had paid only $3,840; and (4) as of February 5, 2007, Nastrom's child support balance was $27,026.27.

[¶ 3] Nastrom moved to dismiss the criminal prosecution, claiming it was begun more than three years after the commission of the offense and was barred by the three-year statute of limitations for a felony. The State resisted Nastrom's motion, asserting the action was not barred by the statute of limitations, because valid court orders for Nastrom to pay child support arrearages for past due support had been entered within three years from the beginning of the criminal action on February 9, 2007. The State provided the district court with copies of the original June 1983

judgment; a December 11, 2003, court order for Nastrom to pay $200 per month toward his arrearages; an April 15, 2004, court order finding Nastrom in contempt and ordering him to continue paying $200 per month toward his arrearages; and a March 30, 2006, court order finding Nastrom in contempt and ordering him to pay $360 toward his arrearages.

[¶ 4] The district court denied Nastrom's motion to dismiss, concluding "child support arrearages" were considered the same as "child support" for purposes of N.D.C.C. § 12.1–37–01. The court decided the criminal prosecution against Nastrom was not barred by the three-year statute of limitations, because there were numerous orders for him to pay child support arrearages within three years from the beginning of the action on February 9, 2007. Nastrom entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2), reserving his right to appeal and seek review of the denial of his motion to dismiss.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Nastrom's appeal is timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 6] Nastrom argues the three-year statute of limitations for felonies in N.D.C.C. § 29–04–02 bars this action because the commission of the offense was when the child turned 18 in February 2000, and the action was not begun until February 9, 2007. He claims the plain and unambiguous definition of child support in N.D.C.C. § 14–09–09.10(3), which is incorporated into N.D.C.C. § 12.1–37–01, does not include child support arrearages for past due support. He argues the district court failed to follow *Fuson v. Schaible*, 494 N.W.2d 593, 599 (N.D.1992), in which a majority of this Court held the statute of limitations for civil child support enforcement proceedings begins when the obligation terminates. He argues that under *Fuson* and the plain language of N.D.C.C. §§ 29–04–02 and 12.1–37–01, the prosecution is barred by the statute of limitations. The State responds that child support includes child support arrearages under N.D.C.C. § 12.1–37–01 and that this action is not barred by the three-year statute of limitations because there were court orders for payments of arrearages between February 10, 2004, and February 9, 2007, which were within the three-year statute of limitations for a felony prosecution for willful failure to pay child support.

[¶ 7] Section 29–04–02, N.D.C.C., provides that "[e]xcept as otherwise provided by law, a prosecution for any felony other than murder must be commenced within three years after its commission." Nastrom was charged with willful failure to pay child support under N.D.C.C. § 12.1–37–01(1), which states that "[a] person is guilty of an offense if the person willfully fails to pay child support in an amount ordered by a court or other governmental agency having authority to issue the orders." For purposes of N.D.C.C. § 12.1–37–01, "child support has the meaning provided in section 14–09–09.10." N.D.C.C. § 12.1–37–01(5). Section 14–09–09.10(3), N.D.C.C., defines "child support" as:

> payments for the support of children, including payments for health insurance coverage or other medical support, and combined payments for the support of children and spouses or former spouses, however denominated, if the payment is required by the order of a court or other governmental agency having authority to issue such orders.

[¶ 8] The issue in this case involves when Nastrom committed the alleged offense of willful failure to pay child support within the meaning of N.D.C.C. §§ 29–04–02 and 12.1–37–01 and turns on whether "child support in an amount ordered by a court" means only orders for current support or includes orders for arrearages. The interpretation of a statute is a question of law, fully reviewable on appeal. *Sauby v. City of Fargo,* 2008 ND 60, ¶ 8, 747 N.W.2d 65; *State v. Skarsgard,* 2007 ND 159, ¶ 5, 740 N.W.2d 64. Our primary goal in interpreting a statute is to ascertain legislative intent. *Sauby,* at ¶ 8; *Skarsgard,* at ¶ 5. We first seek to ascertain the meaning of a statute from the language itself, giving the words in the statute their plain, ordinary, and commonly understood meaning, unless defined by statute. N.D.C.C. § 1–02–02; *Skarsgard,* at ¶ 5. Statutes are construed as a whole to harmonize them and give meaning to related provisions. N.D.C.C. § 1–02–07; *Sauby,* at ¶ 8. When a statute is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids to ascertain intention of the legislation. *See* N.D.C.C. § 1–02–39; *State v. Buchholz,* 2005 ND 30, ¶ 6, 692 N.W.2d 105. In construing statutes of limitations, we are also guided by the principle that statutes of limitation are construed liberally in favor of the accused and against the prosecution. *State v. Hersch,* 445 N.W.2d 626, 631 (N.D.1989).

[¶ 9] The plain language of N.D.C.C. §§ 12.1–37–01 and 14–09–09.10 does not support Nastrom's argument that for purposes of the statute of limitations for willful failure to pay child support, the commission of the offense occurred when the child reach majority. Rather, the plain language of N.D.C.C. § 12.1–37–01 explicitly provides a person is guilty of the offense "if the person willfully fails to pay child support in an amount ordered by a court or other governmental agency having authority to issue the orders." The plain language of the definition of child support says it means "payments for the support of children . . . however denominated, if the payment is required by the order of a court or other governmental agency having authority to issue such orders." N.D.C.C. § 14–09–09.10(3). Those statutes contemplate a court order for child support and do not differentiate between a current child support obligation or an obligation for past-due support. Section 12.1–37–01(5), N.D.C.C., specifically incorporates the meaning of "child support" in "section 14–09–09.10." Under the plain language of one of the subsections of N.D.C.C. § 14–09–09.10, "past-due support" is "child support" that is not paid by certain dates. N.D.C.C. § 14–09–09.10(14). The denomination of "past-due support" as a form of "child support" in N.D.C.C. § 14–09–09.10 is indicative of a legislative intent to include past-due support or arrearages within the meaning of child support for purposes of N.D.C.C. § 12.1–37–01. Other statutes about child support also recognize a court may issue orders for child support arrearages if there is no current monthly child support obligation. *See* N.D.C.C. § 14–09–09.30(2). When construed together to harmonize related provisions, we conclude the plain language of N.D.C.C. § 12.1–37–01 authorizes a criminal prosecution for failure to pay child support, which includes arrearages, "in an amount ordered by a court or other governmental agency having authority to issue such orders."

[¶ 10] Nastrom's reliance on *Fuson v. Schaible,* 494 N.W.2d 593 (N.D.1992), is misplaced. In *Fuson,* in an action to collect on a civil judgment, a majority of this Court said the limitation period for collection on a civil judgment begins when the duty to support terminates, not on each

individual payment's due date, and "[o]nce the child support obligation terminates, the statute of limitations begins to run, not before." 494 N.W.2d at 594, 598–99 (dissenting opinion by Justice Levine, which became majority opinion of Court on statute of limitations issue). *See also Ruscheinsky v. Ulrich,* 2000 ND 133, ¶ 11, 612 N.W.2d 283 (reaffirming *Fuson* for child support before April 2, 1999, and recognizing that after April 2, 1999, ordered, due, and unpaid child support was exempted from civil judgment statute of limitations under 1999 N.D. Sess. Laws ch. 140, § 1, and N.D.C.C. § 14–08.1–05(1)). *Fuson* and *Ruscheinsky* involved the statute of limitations for enforcement of civil judgments for child support and did not involve a criminal prosecution under the specific language of N.D.C.C. § 12.1–37–01.

[¶ 11]   Nastrom's reliance on *People v. Monaco,* 474 Mich. 48, 710 N.W.2d 46 (2006), is also misplaced. That case involved an issue about whether failure to pay child support was a continuing offense. *Id.* at 50–51, 710 N.W.2d 46. The Michigan Supreme Court said the plain language of Michigan's criminal statute said the crime of felony nonsupport was complete when an obligor failed to pay support in the amount ordered at the time ordered and did not specify that having an arrearage was a violation of the statute. *Id.* Under N.D.C.C. § 12.1–37–01, the crime of willful failure to pay child support is committed when there is a failure to pay child support, which may include arrearages, in an amount ordered by a court or other governmental agency having authority to issue orders.

[¶ 12]   This record includes court orders in April 2004 and March 2006 for Nastrom to pay child support arrearages, which were within three years from the date when this criminal prosecution was begun in February 2007. The plain language of N.D.C.C. § 12.1–37–01 authorizes a prosecution for willful failure to pay child support, which includes child support arrearages, in an amount ordered by the court. We conclude the predicate for this criminal prosecution was satisfied, and the district court did not err in denying Nastrom's motion to dismiss.

### III

[¶ 13]   We affirm the judgment.

[¶ 14] CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

CROTHERS, Justice, concurring in part and dissenting in part.

[¶ 15]   I concur with that part of the Majority Opinion concluding that Nastrom's reliance on *Fuson v. Schaible,* 494 N.W.2d 593 (N.D.1992), and *Ruscheinsky v. Ulrich,* 2000 ND 133, ¶ 11, 612 N.W.2d 283, is misplaced, and that the Michigan decision of *People v. Monaco,* 474 Mich. 48, 710 N.W.2d 46 (2006), is unhelpful to our analysis. However, I respectfully dissent from those portions of the Majority Opinion that expansively—and in my opinion, improperly—apply the "the plain language" of our statutes.

[¶ 16]   Our point of beginning is that this case is not about whether Nastrom has a legal obligation to support his child—that issue has been conclusively resolved and delinquent amounts have been reduced to judgment as a matter of law. *See* N.D.C.C. § 14–08.1–05(1)(a). Rather, the narrow question here is whether the statute of limitations permits a criminal action against Nastrom when past-due support, and not the support itself, is owed during the three years preceding the criminal charge.

[¶ 17]   The applicable criminal law provides:

"A person is guilty of an offense if the person willfully fails to pay child support in an amount ordered by a court or other governmental agency having authority to issue the orders.

. . . .

For purposes of this section, 'child support' has the meaning provided in section 14–09–09.10."

N.D.C.C. § 12.1–37–01(1) and (5).

[¶ 18] The specified section defining "child support" provides:

" 'Child support' means payments for the support of children, including payments for health insurance coverage or other medical support, and combined payments for the support of children and spouses or former spouses, however denominated, if the payment is required by the order of a court or other governmental agency having authority to issue such orders."

N.D.C.C. § 14–09–09.10(3).

[¶ 19] This Court's precedents, rules of statutory interpretation mandated by the Legislature, and notions of due process instruct that criminal laws are interpreted narrowly and that statutes of limitation are applied in favor of the accused. *See State v. Plentychief,* 464 N.W.2d 373, 375 (N.D. 1990) (citing *City of Bismarck v. Sholy,* 430 N.W.2d 337, 338 (N.D.1988) ("It is a well-settled rule of statutory construction that criminal statutes are strictly construed in favor of the defendant and against the government.")); *State v. Hersch,* 445 N.W.2d 626, 631 (N.D.1989) ("We are also guided by the principle that statutes of limitation are to be construed liberally in favor of the accused and against the prosecution.") (citation omitted).

[¶ 20] Here, the State admits that no child support was due within three years of prosecution and that this criminal proceeding is based solely on Nastrom's failure to pay past-due amounts. The applicable penal statute incorporates the definition of "child support" found in N.D.C.C. § 14–09–09.10. That definition of "child support" chosen by the Legislature could have included "past-due support," the definition for which also is found in section 14–09–09.10. But the Legislature did not include "past-due support" in the penal statute. Instead, the Majority has done what the Legislature did not; it imported the definition of "past-due support" into the definition of "child support" for purposes of a prosecution under N.D.C.C. § 12.1–37–01. *See* Majority Opinion at ¶ 9. Doing so, the Majority swims against the current of our precedent and the rules of statutory interpretation. Doing so, the Majority runs afoul of the Century Code's admonishment that "[w]hen the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. I therefore respectfully dissent from that portion of the Majority's analysis that effectively amends section 12.1–37–01(1), N.D.C.C., and from the result reached in this case.

[¶ 21] GERALD W. VANDE WALLE, C.J., concurs.