Filed 7/13/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 132

State of North Dakota, Plaintiff and Appellee

v.

Craig Allen Irwin, Defendant and Appellant

No. 20100082

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Allen M. Koppy, State’s Attorney, 210 2nd Ave. NW, Mandan, ND 58554, for plaintiff and appellee.

Michael R. Hoffman, P.O. Box 1056, Bismarck, ND 58502-1056, for defendant and appellant.

Jonathan R. Byers, Assistant Attorney General, Office of Attorney General, 600 E. Boulevard Ave., Bismarck, ND 58505-0040, for amicus curiae State of North Dakota.  Submitted on brief.

State v. Irwin

No. 20100082

VandeWalle, Chief Justice.

[¶1] Craig Allen Irwin appealed from the district court order denying his motion to withdraw his guilty plea to a fifth charge of driving under the influence of intoxicating liquor (“DUI”) in seven years.  We affirm because withdrawal of Irwin’s guilty plea was not necessary to correct a manifest injustice.

I.

[¶2] On June 13, 2007, Irwin was arrested for DUI in Burleigh County.  The Burleigh County State’s Attorney’s Office charged him the following day with his fourth DUI in seven years.  Two weeks after his Burleigh County arrest, Irwin was arrested again for DUI in Morton County.  The Morton County State’s Attorney’s Office charged him with a fifth DUI in seven years, a class C felony.

[¶3] Irwin pled guilty to the Burleigh County charge on December 7, 2007, and was sentenced to one year in the custody of the Department of Corrections with three months suspended for two years, a $1000 fine, and fees.  He pled guilty to the Morton County charge on January 23, 2008.  The district court sentenced Irwin to five years in the custody of the Department of Corrections, to be served concurrently with his Burleigh County sentence.

[¶4] Two years later, Irwin moved to withdraw his guilty plea under N.D.R.Crim.P. 32(d).
(footnote: 0)  The district court concluded:

Irwin did . . . plead guilty to and was convicted of the fourth DUI offense on December 7, 2007.  The Court relied on this information when it concluded that a fifth or subsequent DUI offense had occurred in a seven-year period.  The factual basis upon which the Court accepted Irwin’s guilty plea was, and is, sound.  Irwin has not suffered manifest injustice.

[¶5] The district court also rejected Irwin’s argument that the DUI statute, N.D.C.C. § 39-08-01, was an unconstitutional bill of attainder.  The district court explained Irwin was not denied a jury trial, as he pled guilty to both the Burleigh County and Morton County charges.

II.

[¶6] We note this is not a direct appeal from Irwin’s conviction for his fifth DUI in seven years.  It is an appeal from the district court’s judgment denying his motion to withdraw his guilty plea.  Under N.D.R.Crim.P. 32(d)(2), as it read at the time of Irwin’s motion, “After a court accepts a guilty plea and imposes a sentence, the defendant cannot withdraw the plea unless the motion is timely and withdrawal is necessary to correct a manifest injustice.” 
State v. Blurton
, 2009 ND 144, ¶ 7, 770 N.W.2d 231 (citing 
State v. Lium
, 2008 ND 33, ¶ 17, 744 N.W.2d 775).  The determination of a manifest injustice is within the district court’s discretion and this Court will not overturn it unless the district court abused its discretion.  
Id.
 (citing 
Lium
, at ¶ 20).

[¶7] Irwin argues he has suffered a manifest injustice because on the date of his DUI in Morton County, he had only been convicted of three DUIs in the past seven years.  His fourth DUI charge was still pending.  North Dakota’s DUI statute, N.D.C.C. § 39-

08-01, states, in pertinent part:

A person violating this section or equivalent ordinance is guilty
 of a class B misdemeanor for the first or second offense in a five-year period, of a class A misdemeanor for a third offense in a five-year period, of a class A misdemeanor for the fourth offense in a seven-year period, and 
of a class C felony for a fifth or subsequent offense in a seven-year period.
  The minimum penalty for violating this section is as provided in subsection 4.  The court shall take judicial notice of the fact that an offense would be a subsequent offense if indicated by the records of the director or may make a subsequent offense finding based on other evidence.

N.D.C.C. § 39-08-01(2) (2007) (emphasis added).

[¶8] In 
State v. Skarsgard
, this Court explained the definition of the term “offense” found in N.D.C.C. § 12.1-01-04(20) applies to N.D.C.C. tit. 39.  
Skarsgard
, 2007 ND 159, ¶ 7, 740 N.W.2d 64.  Section 12.1-01-04(20), N.D.C.C., defines “offense” as “conduct for which a term of imprisonment or a fine is authorized by statute after conviction.”  This Court held in 
Skarsgard
 that a DUI conviction that was currently on appeal could still be used to enhance the offense level of a subsequent DUI.  
Skarsgard
, at ¶ 7.  This Court explained, “Skarsgard’s DUI and [driving under suspension] convictions by a jury trial meet the definition of offense as both driving under the influence and driving under suspension are conduct for which a term of imprisonment or fine is authorized by statute after conviction.”  
Id.

[¶9] Here, the district court correctly found Irwin had four prior DUI convictions in the previous seven years when it accepted his guilty plea.  The district court did not abuse its discretion when it determined Irwin did not suffer a manifest injustice.

III.

[¶10] Irwin also argues he suffered a manifest injustice because N.D.C.C. § 39-08-01 is an unconstitutional bill of attainder.  Article I, Section 18 of the North Dakota Constitution states, “No bill of attainder, ex post facto law, or law impairing the obligations of contracts shall ever be passed.”  Article I, Section 9, Clause 3 of the United States Constitution similarly prohibits bills of attainder.  The United States Supreme Court has explained a bill of attainder is “a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.”  
Nixon v. Adm’r of General Servs.
, 433 U.S. 425, 468 (1977) (citing 
United States v. Brown
, 381 U.S. 437, 445, 447 (1965); 
United States v. Lovett
, 328 U.S. 303, 315-16 (1946); 
Ex parte Garland
, 4 Wall. 333, 377 (1867); 
Cummings v. Missouri
, 4 Wall. 277, 323 (1867)).  The Eighth Circuit Court of Appeals has stated, “In order to constitute a bill of attainder, a statute must impose a punishment upon a designated person or class of persons without the benefit of trial.”  
Jensen v. Heckler
, 766 F.2d 383, 386 (8th Cir. 1985) (citing 
Nixon
, 433 U.S. at 468; 
Brown
, 381 U.S. at 445).

[¶11] Irwin argues N.D.C.C. § 39-08-01 is a bill of attainder because the statute allowed him to be convicted of a fifth DUI charge in seven years, even though when he committed the crime he had not yet been convicted of a fourth DUI in seven years.  The district court  found Irwin was not punished without the benefit of trial because he pled guilty to both DUI charges, thus waiving his right to trial.  The district court did not abuse its discretion when it denied his motion to withdraw his guilty plea.

IV.

[¶12] We affirm the district court’s order denying Irwin’s motion to withdraw his guilty plea.

[¶13] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

FOOTNOTES
0:
ねヤ    
Rule 32(d), N.D.R.Crim.P., is now N.D.R.Crim.P. 11(d).  N.D.R.Crim.P. 11, expl. note.