2011 ND 203

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kyle Taft MACKEY, Defendant and Appellant.**

**No. 20100377.**

Supreme Court of North Dakota.

Oct. 18, 2011.

Rehearing Denied Nov. 15, 2011.

Ryan M. Norrell (argued), State's Attorney, LaMoure, ND, for plaintiff and appellee.

William Kirschner (argued), Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Kyle Mackey appeals from a district court order amending his sentence and denying his motion to withdraw his guilty plea. Mackey argues the court's original sentence was illegal, and he should have been allowed to withdraw his guilty plea because a manifest injustice occurred as a result of the court's original sentence. We affirm, concluding withdrawal of Mackey's guilty plea is not necessary to correct a manifest injustice.

I

[¶ 2] Mackey was charged with three counts of gross sexual imposition. The State alleged that between July 1, 2009, and September 4, 2009, Mackey, then a twenty-two-year-old police officer, had engaged in a sexual act on three occasions with T.C., a fourteen-year-old female. At Mackey's plea hearing, the district court also discussed a separate criminal information charging Mackey with one count of luring and one count of corruption or solicitation of a minor. The State and Mackey entered into a binding plea agreement that provided Mackey would plead guilty to the first count of gross sexual imposition, the second count would be subject to a pretrial diversion for ten years, and the remaining charges against Mackey would be dismissed. Under the plea agreement, Mackey would argue for the minimum mandatory sentence of five years while the State would "argue for more, with a cap of 15 years." Throughout the plea hearing, the court advised Mackey of the time to which he could be sentenced rather than the time which he could serve. Mackey stated he understood the terms of the plea agreement and pled guilty. The court took the plea agreement under advisement and ordered a presentence investigation.

[¶ 3] On August 10, 2010, the court held Mackey's sentencing hearing and accepted the binding plea agreement. For the first time, the court began referring to time served, instead of time sentenced, when discussing the provisions of the plea agreement. The court then sentenced

Mackey to thirty years in prison, ordering him to serve eight and suspending the remaining twenty-two for five years. Neither party objected to the sentence during the sentencing hearing.

[¶ 4] On September 9, 2010, after obtaining different counsel, Mackey appealed from the criminal judgment. While that appeal was pending before this Court, Mackey filed a motion with the district court on January 28, 2011, under N.D.R.Crim.P. 35(a) and 32(d),[1] to withdraw his guilty plea, claiming the district court had imposed a sentence greater than the maximum contained in the plea agreement. In an amended criminal judgment filed February 14, 2011, the district court referenced a memorandum dated January 31, 2011, that denied Mackey's motion. The district court's judgment of February 14, 2011, also amended Mackey's original sentence of thirty years to fifteen, ordering him to serve eight years and suspending the remaining seven for five years. Mackey then filed a second appeal on February 22, 2011.

## II

[¶ 5] Mackey argues his original sentence was illegal, which would entitle him to withdraw his guilty plea. Alternatively, Mackey claims he should have been allowed to withdraw his guilty plea because a manifest injustice occurred when the district court sentenced him to thirty years despite the court's acceptance of his binding plea agreement that provided for a maximum sentence of fifteen years.

## A

[¶ 6] Rule 35 provides, "The sentencing court may correct an illegal sentence at any time...." N.D.R.Crim.P. 35(a)(1). A sentence that fails to comply with a promise of a plea agreement is an illegal sentence. *State v. Edwards*, 2007 ND 113, ¶ 5, 736 N.W.2d 449. In *Ostafin v. State*, we stated:

> [W]hen a defendant brings a motion to correct an illegal sentence under Rule 35(a), N.D.R.Crim.P., the sentencing court should first determine whether the illegal sentence can be corrected in such a manner so as to preserve the intent of the original plea agreement and give the defendant that for which he bargained. Only if such modification of the original sentence cannot be done, should the defendant be given the opportunity to withdraw his guilty plea.

1997 ND 102, ¶ 15, 564 N.W.2d 616. Mackey claims this rule from *Ostafin* is "not necessary to the holding and is dicta." Mackey attempts to support his argument by stating, "Because the defendant never asked to withdraw his plea, it was unnecessary for the Court to decide whether he should have been allowed to withdraw the plea." We disagree. The statement at issue was necessary in that case because, although Ostafin had only moved to correct his illegal sentence, the district court gave him the choice of either withdrawing his guilty plea and standing trial or permitting the judge to correct the sentence; Ostafin chose to withdraw his guilty plea. *Id.* at ¶ 3. On appeal, it was necessary for this Court to clarify that, when a defendant moves to correct an illegal sentence under Rule 35(a), the defendant should only be allowed to withdraw his guilty plea if correction of the original sentence cannot be accomplished. *Id.* at ¶ 15. The *Ostafin* rule is therefore binding.

---

1. Rule 32(d) was transferred to Rule 11(d) on March 1, 2010. N.D.R.Crim.P. 32, Explanatory Note. Although Mackey mistakenly cited an ineffective rule in his motion filed January 28, 2011, Rules 32(d) and 11(d) are essentially the same. *Compare* N.D.R.Crim.P. 32(d) (2008), *with* N.D.R.Crim.P. 11(d).

[¶ 7] Mackey argues the thirty-year term imposed by the district court was in direct violation of N.D.R.Crim.P. 11(c)(4). Rule 11(c)(4) sets forth, "If the court accepts the plea agreement, it must inform the defendant that, to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment." Mackey's plea agreement is of the type specified in Rule 11(c)(1)(A) and (C), which provide "the plea agreement may specify that the prosecuting attorney will: (A) not bring, or will move to dismiss, other charges; ... (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case." Mackey interprets the plea agreement as providing minimum and maximum terms for his total sentence instead of for time served. His argument is supported by the language used by the district court throughout the plea hearing when the court addressed Mackey:

> [I]f I accept the plea agreement, you could be *sentenced* to more than 5, but 15 y[ea]rs or less, and if I did that, you could not withdraw this plea agreement. Do you understand that? ... In other words, I do not have to accept [defense counsel's] recommendation of 5 years. And if I don't accept it, and if I don't *sentence* you to more than 15 years you can't withdraw this plea. Do you understand that?

(Emphasis added.) Mackey asked, "Does that mean ... I can't be *sentenced* to any more than 15?" (Emphasis added.) The court responded, "Correct.... [I]f it's between 5 and 15, you cannot say ... I want to back out now. You couldn't do that. As long as the *sentence* would be between 5 and 15 years." (Emphasis added.) Following the court's explanation of sentencing under the agreement, Mackey pled guilty.

[¶ 8] Not until the sentencing hearing did the court refer to time served under the plea agreement, when it stated, "The plea agreement provided that the State could argue for no more than fifteen (15) years of *served imprisonment,* and obviously the Defendant is going to be arguing for the mandatory minimum of five (5) years.... The Court could not exceed those guidelines without violating the agreement." (Emphasis added.) The State argues Mackey's sentence was not illegal because, at the sentencing hearing, the court referred to years of "served imprisonment" outlined in the plea agreement. By ordering Mackey to serve only eight years of his sentence, the State claims the original sentence was within the fifteen-year maximum term of the plea agreement. We disagree. The State also asserts that by correcting the original sentence, the court "corrected any perceived error in its original sentence." We agree.

[¶ 9] By amending Mackey's sentence, the district court implied its original sentence was illegal. Because Rule 35 allows the sentencing court to correct an illegal sentence at any time, the court properly amended Mackey's sentence and provided him with that for which he bargained; thus, Mackey was not entitled to withdraw his plea under Rule 35. In his reply brief, Mackey contends, "[T]he issue on appeal is not whether the trial court's original sentence violated the plea agreement.... Rather, the issue before this Court is whether, to avoid a manifest injustice, Mr. Mackey should have been allowed to withdraw his plea." Thus, the dispositive issue on appeal is whether a manifest injustice remains.

### B

[¶ 10] "After the court has accepted a guilty plea and imposed a sentence, the defendant cannot withdraw the

plea unless it is necessary to correct a manifest injustice." *State v. Pixler*, 2010 ND 105, ¶ 6, 783 N.W.2d 9. The manifest injustice determination is within the discretion of the trial court, and this Court will not reverse such a determination absent an abuse of discretion. *State v. Irwin*, 2010 ND 132, ¶ 6, 785 N.W.2d 245. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Farrell*, 2000 ND 26, ¶ 8, 606 N.W.2d 524. "The defendant has the burden of proving a manifest injustice." *Pixler*, at ¶ 6.

[¶ 11] Mackey argues the court violated N.D.R.Crim.P. 11(c)(4) when it sentenced him, stating "[t]he North Dakota Supreme Court has routinely held that when a trial court fails to follow the strictures of Rule 11, the defendant must be allowed to withdraw a plea of guilty to avoid manifest injustice." Mackey cites various decisions by this Court to support his argument. *E.g., State v. Vandehoven*, 2009 ND 165, ¶¶ 11, 19, 29–30, 772 N.W.2d 603 (holding the district court's participation in plea agreement discussions and failure to adequately advise the defendant of certain rights before accepting his guilty plea, in violation of Rule 11, constituted a manifest injustice); *State v. Feist*, 2006 ND 21, ¶ 27, 708 N.W.2d 870 (stating a manifest injustice existed because the district court did not properly inquire into the defendant's willingness to plead guilty, as required by Rule 11, and because there was confusion as to whether a plea agreement existed); *State v. Dimmitt*, 2003 ND 111, ¶ 8, 665 N.W.2d 692 (concluding the district court's involvement in plea discussions, in contravention of Rule 11, caused confusion and misunderstanding by the defendant as to the effect of his plea, resulting in a manifest injustice that entitled the defendant to withdraw his plea); *Farrell*, 2000 ND 26, ¶ 21, 606 N.W.2d 524 (holding the withdrawal of the defendant's guilty plea was necessary to correct a manifest injustice that arose when the district court did not substantially comply with the requirements of Rule 11 and the defendant did not fully understand the nature of the plea agreement). Under the foregoing cases, Mackey asserts, "The [c]ourt's failure to follow the agreement as required by [Rule] 11(c)(4), resulted in a manifest injustice which necessitates allowing [the defendant] to withdraw his guilty plea."

[¶ 12] The State counters that Mackey failed to demonstrate the existence of a manifest injustice and did not raise any claims of arbitrary, unreasonable, or capricious actions of the district court. Further, the State contends Mackey's case is "easily distinguished from *Vandehoven, Feist,* and *Dimmitt* " because the court did not actively participate in plea negotiations, Mackey was properly advised of his rights before the court accepted his plea, there was no ambiguity regarding the existence of a plea agreement, and Mackey stated he understood the nature of his plea agreement. Additionally, the State asserts the district court sentenced Mackey "within the bounds of the sentencing range contemplated in the plea agreement[,]" and adds that "[w]hen the trial court amended the sentence, it preserved the intent of the original plea as mandated by law, and thus corrected any perceived error in its original sentence." The State argues that because the amended sentence maintains the intent of the plea agreement, Mackey cannot demonstrate a manifest injustice so as to permit a withdrawal of his plea.

[¶ 13] Rule 11(d)(2), N.D.R.Crim.P., provides, "Unless the defendant proves that withdrawal is *necessary to correct* a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." (Emphasis added.) Here, the district court corrected any

injustice with the length of the original sentence by amending the sentence to a length within the guidelines of the plea agreement. Mackey is therefore no longer entitled to withdraw his plea because the district court already corrected the error.

[¶ 14] Mackey also argues, "The trial court may not purport to accept the agreement but sentence a defendant to a term greater than allowed by the agreement." Mackey cites N.D.R.Crim.P. 11(c)(5)(C), which states that if a court rejects a plea agreement such as Mackey's, the court must, on the record and in open court, "advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." Mackey contends, "The trial court could not do indirectly what it was prohibited from doing directly. Thus, Mr. Mackey has proven a manifest injustice." However, Rule 11(c)(5) applies when a court *rejects* a plea agreement. In this case, the court *accepted* Mackey's plea agreement but imposed an illegal sentence, which it subsequently corrected.

[¶ 15] Mackey does not cite any case law to support his claim that the imposition of an illegal sentence, that is later corrected, nonetheless amounts to a manifest injustice, entitling him to withdraw his plea. By amending his sentence, the district court returned Mackey to the position he would have been in if the court had originally followed his understanding of the terms of the plea agreement. Mackey has not met his burden of proving he was entitled to withdraw his guilty plea to correct a manifest injustice.

## C

[¶ 16] At oral argument, Mackey disputed that his amended sentence was in conformity with the plea agreement—an argument not raised before the district court or in his appellate brief. Mackey argued that no definite length of probation was specified in the plea agreement, the court did not properly address probationary terms with him before he was sentenced, and Mackey consequently did not knowingly and intelligently enter into the agreement. This argument is at odds with previous statements in the record. At Mackey's plea hearing, the following exchange took place:

[Defense Counsel]: We propose your Honor that Count II would be subject to a pretrial diversion. . . .

COURT: And how long a time frame would you be looking at for the diversion?

[Defense Counsel]: Ten years your Honor.

COURT: Okay. For ten years? Okay.

[Defense Counsel]: Well, until completion of his probation to follow any period of incarceration.

Based on this exchange, Mackey implied an understanding that his probation would be for a ten-year term, and in both the original and amended criminal judgments, the district court imposed a more lenient five-year probationary term.

[¶ 17] It is well-settled that issues not raised in the district court may not be raised for the first time on appeal. *State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497. We have stated this rule is "particularly applicable where, as here, an issue or argument is not raised in the appellate brief but is raised for the first time at oral argument." *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746. Because Mackey failed to raise this issue in the district

court, we will not further consider it on appeal.

### III

[¶ 18] We affirm the district court order amending Mackey's sentence and denying his motion to withdraw his plea, concluding Mackey has not demonstrated that withdrawal of his plea is necessary to correct a manifest injustice.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.