Filed 2/12/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 28

Kyle Taft Mackey, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20140181

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Per Curiam.

Erin M. Conroy, P.O. Box 137, Bottineau, N.D. 58318, for petitioner and appellant; submitted on brief.

Fallon M. Kelly, Assistant State’s Attorney, P.O. Box 391, Lisbon, N.D. 58054-0491, for respondent and appellee; submitted on brief.

Mackey v. State

No. 20140181

Per Curiam.

[¶1] Kyle Mackey appeals from a district court order and judgment denying his application for post-conviction relief and order denying his motion to reopen the judgment.  This Court affirmed the district court’s prior order amending his sentence and denying his motion to withdraw his guilty plea in 
State v. Mackey
, 2011 ND 203, 805 
N.W.2d
 98.  We also affirmed the district court’s order for amended judgment and amended judgment denying and dismissing his previous post-conviction relief application in 
Mackey v. State
, 2012 ND 159, 819 
N.W.2d
 539.

[¶2] On appeal, Mackey argues the district court improperly denied his post-

conviction relief application on the grounds that he did not have standing to object to the interview method of the minor witnesses and the court improperly denied his application on the grounds of ineffective assistance of counsel.  Mackey also filed a supplemental brief asserting the court erred by dismissing his application and motion to reopen the judgment without hearing the independent testimonial evidence necessary to reach an informed decision surrounding the circumstances of his post-

conviction claims.  We affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7); 
see also
 
Klose v. State
, 2008 ND 143, ¶ 10, 752 
N.W.2d
 192 (res judicata precludes claims or variations of claims raised in previous proceedings, and misuse of process precludes claims that could have been raised in a prior post-conviction proceeding or other proceeding).

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom