2005 ND 30

**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Paul BUCHHOLZ, Defendant and Appellee.**

No. 20040118.

Supreme Court of North Dakota.

Feb. 16, 2005.

H. Jean Delaney, Assistant State's Attorney, Valley City, N.D., for plaintiff and appellant.

Richard E. Edinger, Fargo, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1] The State appeals the district court's order discharging Paul Buchholz, finding no probable cause to believe he committed the crime of a felon in possession of a firearm in violation of N.D.C.C. § 62.1–02–01(2). We reverse and remand.

I

[¶ 2] On September 27, 2002, Paul Buchholz pled guilty to a class C felony, issuing a check without sufficient funds. He received a sixty-day suspended sentence and one year of unsupervised probation.

[¶ 3] On November 26, 2003, during execution of a search warrant, law enforcement found a rifle under the bed in a residence where Buchholz was staying. He admitted ownership and possession of the gun. Buchholz was charged with being a felon in possession of a firearm in violation of N.D.C.C. § 62.1–02–01(2). The district court discharged Buchholz, finding he was not a "convicted felon." Section 12.1–32–02(9), N.D.C.C., provides, in part, "[a] person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor." Because of the sixty-day length of Buchholz' NSF sentence, the district court found Buchholz was not a felon.

[¶ 4] The State appeals, arguing whether a felony conviction has been reduced to a misdemeanor conviction is irrelevant under the clear language of N.D.C.C. § 62.1–02–01(2).

II

[¶ 5] The district court held the 2001 amendment to N.D.C.C. § 12.1–32–02(9) instantaneously converts a felony conviction with a sentence of less than one year to a misdemeanor. The district court compared the 2001 amendment to the old statute in which a felony conviction could be reduced to a misdemeanor only after completing a sentence of less than one year. Therefore, the district court found no probable cause to believe Buchholz was a felon in possession of a firearm in violation of N.D.C.C. § 62.1–02–01(2). The district court incorrectly interpreted N.D.C.C. § 12.1–32–02(9).

[¶ 6] Our standard of review for the interpretation of criminal statutes is clearly articulated:

Construction of a criminal statute is a question of law, fully reviewable by this Court. Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*State v. Laib*, 2002 ND 95, ¶ 13, 644 N.W.2d 878 (citations omitted).

[¶ 7] Buchholz was charged with violating N.D.C.C. § 62.1–02–01(2). The statute prohibits a person who has been convicted of a certain class of felonies from possessing a firearm for a period of five years after the date of conviction. N.D.C.C. § 62.1–02–01(2). The relevant portion of N.D.C.C. § 62.1–02–01 provides:

For the purposes of this section, "conviction" means determination by a jury or court that a person committed one of the above-mentioned crimes even though ... the defendant's conviction has been reduced in accordance with subsection 9 of section 12.1–32–02.

Section 12.1–32–02(9), N.D.C.C., provides:

A person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor. However, if an order is entered revoking a probation imposed as a part of the sentence, the person is deemed to have been convicted of a felony.

[¶ 8] We conclude the statutory language is clear and unambiguous. A person convicted of a felony and sentenced to not more than one year, despite the immediate reduction to a misdemeanor conviction, is still initially convicted of a felony. *See* N.D.C.C. § 12.1–32–02(9). The 2001 amendments to N.D.C.C. § 12.1–32–02(9) merely changed the point in time when a felony conviction is reduced to a misdemeanor conviction; the fact remains that the defendant was originally convicted of a felony and that the felony is thereafter reduced. After the 2001 amendments, the reduction from a felony conviction to a misdemeanor conviction occurs immediately upon the entry of sentence. *See* N.D.C.C. § 12.1–32–02(9). Before the 2001 amendments, the reduction occurred after the completion of sentence and probation. *See* N.D.C.C. § 12.1–32–02(9) (1997).

[¶ 9] Section 62.1–02–01, N.D.C.C., specifically states a person is convicted of a felony even if "the defendant's conviction has been reduced in accordance with subsection 9 of section 12.1–32–02." We do not interpret statutes under a construction that would render part of the statute mere surplusage. *Bruns v. North Dakota*

*Workers Comp. Bureau*, 1999 ND 116, ¶ 16, 595 N.W.2d 298. Because Buchholz was sentenced to sixty days, his felony conviction was reduced to a misdemeanor conviction under N.D.C.C. § 12.1–32–02(9). Accordingly, Buchholz was convicted of a felony and probable cause to believe he was a felon in possession of a firearm exists under N.D.C.C. § 62.1–02–01(2). The district court's April 2, 2004, order discharging Buchholz from the charge of felon in possession of a firearm is reversed.

III

[¶ 10] Buchholz argues the district court's discharge order should be affirmed because he relied on a mistake of law.

[¶ 11] The district court's discharge order arose from a preliminary hearing held under Rule 5.1, N.D.R.Crim.P. We have described the function of a preliminary hearing:

The purpose of the preliminary examination is to determine if a crime has been committed and if probable cause exists requiring the accused to stand trial. The preliminary examination is not a trial nor is it a pretrial proceeding. In reality, it is a proceeding to determine if a trial should be held to determine the guilt or innocence of the accused. It is also a safety device to prevent the accused's detention without probable cause.

*Dickinson Newspapers, Inc. v. Jorgensen*, 338 N.W.2d 72, 75 (N.D.1983). A preliminary hearing is not held to determine a defendant's guilt or innocence. *Id.* Therefore, Buchholz cannot assert a mistake of law defense to overcome the charged offense at a preliminary hearing. Whether Buchholz relied on a mistake of law is an affirmative defense and must be proven by Buchholz by a preponderance of

the evidence at trial. *See State v. Purdy,* 491 N.W.2d 402, 411 (N.D.1992).

## IV

[¶ 12]   We reverse and remand for further proceedings consistent with this opinion.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.