2005 ND APP 5

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Clifford SMITH, Defendant and Appellant.**

**No. 20050004CA.**

Court of Appeals of North Dakota.

May 25, 2005.

John Jeremy Mahoney, State's Attorney, Center, N.D., for plaintiff and appellee.

Chad R. McCabe, Vinje Law Firm, Bismarck, N.D., for defendant and appellant.

PER CURIAM.

[¶ 1] Clifford Smith appealed from a criminal judgment, entered upon Smith's conditional guilty plea to the charge of driving under the influence of alcohol in violation of N.D.C.C. § 39–08–01, and causing serious bodily injury to another. We hold Smith's sentence to 90 days incarceration under N.D.C.C. § 39–08–01.2(2), is an illegal sentence in violation of the

maximum penalty of 30 days incarceration for class B misdemeanors permitted under N.D.C.C. § 12.1–32–01. We, therefore, reverse Smith's sentence and remand for resentencing in accordance with this opinion.

I

[¶ 2] On August 15, 2004, Smith was charged with the class B misdemeanor of driving under the influence of alcohol and having an alcohol concentration of least eight one-hundredths of one percent in violation of N.D.C.C. § 39–08–01(1). Smith entered a conditional plea agreement to the charge admitting that his conduct caused serious bodily injury to another person, as defined in N.D.C.C. § 12.1–01–04, and, consequently, the court sentenced Smith under N.D.C.C. § 39–08–01.2, which provides in relevant part:

*39–08–01.2. Special punishment for causing injury or death while operating a vehicle while under the influence of alcohol.*

1. The penalty provided in this section applies when:

. . . .

c. A person is convicted of violating section 39–08–01 and the violation caused serious bodily injury, as defined in section 12.1–01–04, to another person.

2. . . . . If the defendant was at least eighteen years of age at the time of the violation of section 39–08–01 or 39–08–03, the sentence under either section must be at least ninety days' imprisonment.

The court sentenced Smith to incarceration for 90 days, a fine in the amount of $250, and mandatory court fees.

II

[¶ 3] Section 12.1–32–01(6), N.D.C.C., limits the maximum penalty for a class B misdemeanor:

*12.1–32–01. Classification of offense—Penalties.* Offenses are divided into seven classes, which are denominated and subject to maximum penalties, as follows:

. . . .

6. Class B misdemeanor, for which a maximum penalty of thirty days' imprisonment, a fine of one thousand dollars, or both, may be imposed.

Smith asserts the 90–day sentence of incarceration imposed by the court under N.D.C.C. § 39–08–01.2(2), violates the 30–day maximum incarceration penalty allowed under N.D.C.C. § 12.1–32–01(6), for class B misdemeanors and is illegal.

[¶ 4] Construction of a criminal statute is a question of law, fully reviewable by the appellate court. *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105. Our primary goal in interpreting statutes is to ascertain the legislature's intent, and we first look to the statutory language and give that language its plain, ordinary, and commonly understood meaning. *Id.* Statutes are construed to give meaning and effect to every word, phrase, and sentence. *Id.* If possible, the court construes statutes on the same subject to harmonize them and to give full force and effect to the legislature's intent. *State v. Higgins*, 2004 ND 115, ¶ 13, 680 N.W.2d 645. The court construes statutes relating to the same subject matter to give effect to both. *Id.* Criminal statutes are strictly construed in favor of the defendant and against the government. *State v. Beciraj*, 2003 ND 173, ¶ 14, 671 N.W.2d 250. Thus, in interpreting penal statutes, we resolve any doubt in favor of the criminal defendant. *State v. Rohrich*, 450 N.W.2d 774, 776 (N.D.1990).

[¶ 5] Under N.D.C.C. § 39–08–01(2), a person who is convicted of DUI for the

first or second offense "is guilty of a class B misdemeanor." Under N.D.C.C. § 12.1–32–01(6), the maximum penalty which may be imposed for a class B misdemeanor is "thirty days' imprisonment." However, under N.D.C.C. § 39–08–01.2(2), when a person is convicted of a DUI in violation of N.D.C.C. § 39–08–01, which results in serious bodily injury to another "the sentence ... must be at least ninety days' imprisonment." The State argues the 90–day penalty is more specific than the maximum penalty allowed for class B misdemeanors. As the more specific provision, it should be applied over the general provision to allow a sentence of "at least ninety days" for DUI's involving serious injury to another. *See* N.D.C.C. § 1–02–07; *see also City of Bismarck v. Fettig,* 1999 ND 193, ¶ 15, 601 N.W.2d 247 (when there is a conflict between statutes, we construe specific statutes to control general statutes). We decline the State's suggested interpretation of this statutory scheme, because we conclude these penalty statutes are irreconcilable. To allow a 90–day sentence or greater under N.D.C.C. § 39–08–01.2(2) is contrary to the 30–day maximum sentence allowed under N.D.C.C. § 12.1–32–01(6), and allowing imposition of the greater penalty would violate the statutory construction rule that penal statutes are strictly construed against the government and in favor of the accused. *See, e.g., State v. Laib,* 2002 ND 95, ¶ 13, 644 N.W.2d 878.

. [¶ 6] The North Dakota Supreme Court's opinion in *State v. Rohrich,* 450 N.W.2d 774, 777 (N.D.1990), is instructive. In that case the State argued the court could sentence a defendant to 18 months of probation under N.D.C.C. § 12–53–03 or N.D.C.C. § 12.1–32–06, even though the defendant had been convicted of a class A misdemeanor for which the maximum penalty allowed under N.D.C.C. § 12.1–32–01 is one year. The North Dakota Supreme

Court held the 18–month probationary period exceeded the one-year maximum term of imprisonment for a class A misdemeanor and "the sentence was illegal."

[¶ 7] The statutory language under N.D.C.C. § 39–08–01.2(2), providing that a sentence "must be at least" 90 days imprisonment is particularly vexing, because it imposes no upper sentencing limit, if construed to override the 30–day maximum penalty for class B misdemeanors allowed under N.D.C.C. § 12.1–32–01(6). In this case, the court imposed a 90–day sentence against Smith which "de facto" elevated his crime to a class A misdemeanor. That sentence is contrary to the express designation of Smith's crime as a class B misdemeanor under N.D.C.C. § 39–08–01(2). We conclude, therefore, the sentence irreconcilably conflicts with the maximum penalty for class B misdemeanors allowed under N.D.C.C. § 12.1–32–01(6), and is, therefore, illegal.

## III

[¶ 8] With respect to class B misdemeanor offenses under N.D.C.C. § 39–08–01, we hold that the enhanced sentencing language under N.D.C.C. § 39–08–01.2(2), requiring at least 90 days incarceration, conflicts with the maximum penalty of 30 days allowed under N.D.C.C. § 12.1–32–01(6) and is invalid and unenforceable. We, therefore, reverse Smith's sentence and remand for resentencing in accordance with this opinion.

[¶ 9] Judgment affirmed in part, reversed in part, and remanded for resentencing.

[¶ 10] EVERETT NELS OLSON, S.J., BENNY A. GRAFF, S.J., and BRUCE E. BOHLMAN, S.J., concur.