20210058

FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 9, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 223

State of North Dakota,

Plaintiff and Appellee

v.

Allison Marie Houkom,

Defendant and Appellant

## No. 20210058

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Joshua J. Traiser, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Monty G. Mertz, Fargo, N.D., for defendant and appellant.

**Tufte, Justice.**

[¶1]   Allison Houkom appeals from a criminal judgment finding her guilty of giving false information to a law enforcement officer under N.D.C.C. § 12.1-11-03(1). Houkom argues the district court erroneously denied her pre-trial motion to dismiss. She also argues the district court misinterpreted N.D.C.C. § 12.1-11-03(1). Lastly, she argues that the evidence presented at trial was insufficient to sustain a guilty verdict because the State failed to prove beyond a reasonable doubt that she interfered with an investigation or materially misled an officer by giving a false name. We reverse, concluding that under a correct application of the statute there was insufficient evidence to sustain a guilty verdict.

I

[¶2]   On October 18, 2019, Officer Matt Oldham of the West Fargo Police Department attempted to serve a warrant on a male at a residence in West Fargo. Houkom was in the driveway of the residence smoking a cigarette. Oldham approached Houkom and asked if the male he was looking for was inside the residence. She stated she did not know. Oldham then asked Houkom if she lived at the residence. She responded that she did not. Oldham then proceeded to ask Houkom for her name. She responded with "Kaylinn Marie Schmainda." When Oldham asked for her date of birth, Houkom responded that he did not need it. Oldham then contacted dispatch to check the name. Approximately a minute later, Houkom informed Oldham that she had given him a false name because she had an outstanding warrant. Houkom then provided her correct name, and Oldham determined the warrant was from Minnesota and was non-extraditable. Houkom was arrested and charged with false information under N.D.C.C. § 12.1-11-03(1).

[¶3]   Prior to trial, Houkom moved to dismiss, arguing the information failed to allege that her false statement interfered with Officer Oldham's

investigation or materially misled him. The court denied the motion and the matter proceeded to a bench trial. The court found Houkom guilty.

II

[¶4] Houkom argues the district court erroneously denied her pre-trial motion to dismiss the information. Her motion argued the information was fatally deficient because it failed to allege how the false name she provided to a law enforcement officer interfered with an investigation or materially misled an officer. Houkom was charged with one count of false information to law enforcement under N.D.C.C. § 12.1-11-03(1). The statute provides:

> A person is guilty of a class A misdemeanor if that person:
> 1. Gives false information or a false report to a law enforcement officer which that person knows to be false, and the information or report may interfere with an investigation or may materially mislead a law enforcement officer[.]

The information charging Houkom stated:

> on or about October 18, 2019: The defendant willfully gave false information to a law enforcement officer which the defendant knew to be false, and the information may have interfered with an investigation or may have materially misled a law enforcement officer to-wit: that on or about the above-stated date, the defendant: Allison Marie Houkom, gave law enforcement a false name knowing such information to be untrue and misleading.

[¶5] "The purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered." *State v. Conrad*, 2017 ND 79, ¶ 6, 892 N.W.2d 200 (quoting *State v. Perreault*, 2002 ND 14, ¶ 7, 638 N.W.2d 541). "Further, for purposes of the motion, all well-pleaded facts are taken to be true." *Id*. An information is adequate if it is "sufficiently specific to provide the defendant with notice of the pending charges to enable the defendant to prepare a defense." *State v. Montplaisir*, 2015 ND 237, ¶ 9, 869 N.W.2d 435. An information does not require exact specificity but only "enough specificity so that the defendant can prepare a

meaningful defense." *State v. Kirkpatrick*, 2012 ND 229, ¶ 25, 822 N.W.2d 851. Additionally, if an information "sets forth the offense in the words of the statute," it is generally sufficient. *Montplaisir*, at ¶ 9.

[¶6] Houkom argues the information needed to set forth how her false statement interfered with an investigation or materially misled Officer Oldham. Our case law does not require such specificity. The information set forth the charged offense using the words of the statute. In *Montplaisir*, we held that an information tracking the language of a statute the defendant was alleged to have violated was adequate. *Id.* at ¶ 13. Here, the information tracked the language of the statute by alleging that Houkom's false name "may have interfered with an investigation or may have materially misled a law enforcement officer." The information then identified the essential facts constituting the offense by alleging a specific statement by Houkom in which she gave a false name knowing it to be false. We conclude this is enough specificity to allow Houkom to prepare a meaningful defense. The district court did not err in denying Houkom's pre-trial motion to dismiss.

III

[¶7] Houkom also argues that the district court erroneously interpreted N.D.C.C. § 12.1-11-03(1) and that under a correct interpretation there was insufficient evidence to support a guilty verdict. We review questions of statutory interpretation de novo. *State v. M.J.W.*, 2020 ND 183, ¶ 9, 947 N.W.2d 906. "Construction of a criminal statute is a question of law, fully reviewable by this Court." *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105. "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894 (citing N.D.C.C. § 1-02-02). "We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage." *Buchholz*, 2005 ND 30, ¶ 6.

[¶8] Houkom relies on the legislative history of N.D.C.C. § 12.1-11-03 to argue the district court misinterpreted the false information statute. She argues the legislative history shows the statute was designed "to save officers from

pursuing statements or information that sends them on a 'wild goose chase.'" Because Houkom corrected her false statement a minute later, she argues Officer Oldham was not sent on a "wild goose chase." Houkom's legislative history analysis was premature. To consider extrinsic aids such as legislative history, we must first find the statute to be "ambiguous because it is susceptible to differing but rational meanings." *Buchholz*, 2005 ND 30, ¶ 6. Houkom does not argue that the statute is ambiguous. We find the statute's language clear on its face and unambiguous. *See also Michael v. Trevena*, 899 F.3d 528, 534 (8th Cir. 2018) (stating "we think the plain language of the statute is clear enough"). Having concluded the statute is not ambiguous, we decline to consult the legislative history or further consider Houkom's "wild goose chase" argument premised on that history.

[¶9]   Subsection 1 of the statute contains three elements, all of which must be proved beyond a reasonable doubt by the State to support a conviction. The first element is "[g]ives false information or a false report to a law enforcement officer." It is undisputed that Houkom provided a false name to a law enforcement officer. The second element is "which that person knows to be false." It is also undisputed that Houkom knew the name she provided to Officer Oldham was not in fact her name. The third element is "the information or report may interfere with an investigation or may materially mislead a law enforcement officer." This is the only disputed element of the offense. Given the use of the word "or" within the statute, the State could satisfy this element either by proving the false name Houkom provided *may* have interfered with Officer Oldham's investigation of serving a warrant on the man he was seeking to locate or that Officer Oldham *may* have been materially misled by Houkom's false name. "The word 'may' is usually used 'to imply permissive, optional, or discretional, and not mandatory action or conduct.'" *State v. Glaser*, 2015 ND 31, ¶ 18, 858 N.W.2d 920. By using the word "may," the statute only requires the State to prove the possibility that Officer Oldham's investigation could have been interfered with or that Officer Oldham could have been misled by Houkom's false name.

[¶10] Houkom argues that N.D.C.C. § 12.1-11-03(1) implicitly contains a minimum time to constitute interference with an investigation or materially

mislead an officer. Under this view, the third element could not be satisfied because Houkom gave her correct name to Officer Oldham only one minute after giving him the false name—too short a time to have interfered or materially misled. While Houkom apparently retracted the falsification "before the falsification substantially affected the proceeding or the matter" of finding the male, Houkom failed to raise a retraction defense pursuant to § 12.1-11-04(3). "This Court has repeatedly held that issues not raised or considered in the district court cannot be raised for the first time on appeal." *Moe v. State*, 2015 ND 93, ¶ 11, 862 N.W.2d 510. Thus, we will not consider a retraction defense. Limiting our consideration to the argument raised on appeal, we conclude that falsification continuing for only a minute may have the potential to interfere with an investigation or materially mislead an officer, depending on the specific facts of the case.

[¶11] We now consider the court's findings to determine whether it correctly applied N.D.C.C. § 12.1-11-03(1). After hearing testimony from Officer Oldham, the court found that the State did not establish the "may interfere with an investigation" prong because Houkom's false name was "irrelevant to the investigation that the officer was conducting, as far as looking for the male that was the subject of the warrant." At the bench trial, the State presented no evidence that Houkom's false name could have interfered with Officer Oldham's investigation of finding the male to serve the warrant. The State argues in its brief that "Officer Oldham may have been delayed in his investigation by his efforts to identify Houkom. Officer Oldham may also have been unable to identify pertinent witnesses to and associates of the person he was attempting to locate." Even if we were to conclude that these were plausible possibilities to support the first prong, neither possibility was supported by evidence at trial.

[¶12] On the other hand, the court found that the State did prove that Houkom's false statement satisfied the second prong: "may materially mislead a law enforcement officer." The court did not elaborate other than stressing the importance of the use of the word "may" in the statute. To be sure, "[i]n a criminal case tried to the court without a jury, the court is not required to make findings of fact. It either finds the defendant guilty or not guilty in the same []

manner as a jury." *State v. Rufus*, 2015 ND 212, ¶ 9, 868 N.W.2d 534. Although the court was not required to make findings in this criminal bench trial, it was required to conduct a materiality analysis, as set forth in § 12.1-11-04(1).

> Falsification is material under section[] . . . 12.1-11-03 regardless of the admissibility of the statement under rules of evidence, if it could have affected the course or outcome of the official proceeding or the disposition of the matter in which the statement is made. Whether a falsification is material in a given factual situation is a question of law. It is no defense that the declarant mistakenly believed the falsification to be immaterial.

N.D.C.C. § 12.1-11-04(1). The official proceeding or matter in which the false statement was made directly controls whether the falsification can be said to be material. Here, the context in which Houkom's false statement was made was Officer Oldham's original investigation to find the man upon whom he was attempting to serve a warrant. To conclude the statement was material to the search for the male suspect, one must conclude Houkom's false name "could have affected the course or outcome" of the search.

[¶13] The record is insufficient to support a finding beyond a reasonable doubt that Houkom's false name was material in the context in which it was made. When this Court reviews sufficiency of the evidence challenges, it reviews "the record to determine whether there is sufficient evidence that could allow a [factfinder] to draw a reasonable inference in favor of the conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." *State v. Mohamud*, 2019 ND 101, ¶ 12, 925 N.W.2d 396. At trial, the sole evidence presented by the State regarding how Houkom's false name could have misled an officer was the following testimony by Officer Oldham:

> Q: And how long between when she gave you the fake name and when she gave you her real name had elapsed?
> A: Probably just a minute.
> Q: Okay. During that time were you misled?
> A: Pardon me?
> Q: Were you misled during that time by the fake name?

A: It's unusual for people not to provide their date of birth, so it made me question if it was her correct name.

Q: Okay. Certainly you didn't know her real name at the time she provided you the fake name?

A: Correct. I did not. I have never met her before.

Q: And can you tell me a little bit about why it's significant when a person gives you a fake name?

A: Because a lot of names are—why it's significant?

Q: Yes.

A: It's a crime under North Dakota Law.

Q: Well, beyond that. How can it affect your function as a law enforcement officer?

A: I'm unable to identify who I'm speaking with.

Q: And why is that important for an officer?

A: A lot of times people have outstanding warrants.

Q: Is there other information that you can glean from a person's name, other than warrant status that would be important to your role as an officer?

A: Where they live. If they have a current driver's status.

Q: What about whether there are risks to you?

A: Yes. If they have cautions or alerts to them.

Q: So you weren't able to know that information once she provided the fake name?

A: No. I was not.

At no time did Officer Oldham explain how Houkom's false name could have affected the course or outcome of his original investigation of finding the man he was seeking to locate. Instead, his testimony was that Houkom's false name made him suspicious of her and whether she might pose a risk to him in that a false name would fail to reveal "cautions and alerts" that Houkom's real identity might have provided.

[¶14] This case is unlike a situation where an unidentified person who is already a suspect in an investigation provides a false name. In such a case the false name is material to the investigation because the true name would have identified the unidentified person as the target of the investigation. That difference distinguishes this case from one in which the person providing a false name is already a suspect in an investigation. *See State v. Cody*, 2019 ND 38, 923 N.W.2d 123 (per curiam); *United States v. Moore*, 391 U.S. App. D.C.

413, 416, 612 F.3d 698, 701 (2010) (holding under 18 U.S.C. § 1001 a defendant's false name "is material if it has a natural tendency to influence, or is capable of influencing, either a discrete decision or any other function of the agency to which it was addressed"). *Cf. City of Bismarck v. Schoppert*, 469 N.W.2d 808, 813 (N.D. 1991) (discussing disorderly conduct defendant's "robust denials to provide identification"). The test for whether a false name may *materially* mislead turns on the proceeding or matter in which the statement is made. *See United States v. Allen*, 892 F.2d 66, 68 (10th Cir. 1989) ("the test for materiality [of a false name] is materiality to the purpose for which the allegedly false statement is made"); *State v. LaPlanche*, 349 N.C. 279, 282, 507 S.E.2d 34, 36 (1998) ("the identity of the witness was not material to the case").

[¶15] Here, no investigation of Houkom was underway when she provided the false name, so the false name cannot be said to have been made in an official proceeding or matter relating to her since any suspicion about her began as a result of the statement. Because there is no testimony explaining any possibility that Houkom's false name may have misled Oldham in his attempt to locate the male, on the specific facts of this case no reasonable factfinder could find the required materiality to be satisfied. We conclude there was insufficient evidence to find Houkom's falsification to be material to the search for the male suspect.

IV

[¶16] The criminal judgment is reversed.

[¶17] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte