**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**DECEMBER 8, 2022**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 222

Kyle Kenneth Bell,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20220161

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Birch P. Burdick, State's Attorney, Fargo, ND, for respondent and appellee.

**Jensen, Chief Justice.**

[¶1]   Kyle Kenneth Bell appeals from a district court's judgment granting the State's motion for summary judgment. We conclude the limitation on Bell's access to state case law as the result of being held in a federal correctional facility does not constitute a physical disability extending the statute of limitations for the filing of his application for post-conviction relief. We affirm.

I

[¶2]   On September 24, 1999, Bell was convicted of murder, a class AA felony. Bell appealed his conviction to this Court. We dismissed Bell's appeal after concluding he had abandoned the appeal after escaping from custody. The United States Supreme Court denied Bell's petition for a writ of certiorari of his conviction. In March 2001, Bell applied for post-conviction relief. His application was dismissed by the district court and affirmed by this Court.

[¶3]   On October 29, 2021, Bell filed for a second post-conviction relief application arguing that certain testimony proffered at trial was unconstitutional, that this testimony resulted in perjury, that his trial counsel was ineffective, and that *State v. Pickens*, 2018 ND 198, ¶ 16, 916 N.W.2d 612 established a new rule of law requiring reversal of his case. Bell argued his post-conviction relief application should be considered although it was submitted more than two years after *Pickens* was decided and beyond the statute of limitations. Bell argued the "restraint of being incarcerated in a federal facility with limited access to caselaw" constituted a "physical disability" under N.D.C.C. § 29-32.1-01(3)(a)(2), an exception allowing application for post-conviction relief beyond the normal two-year statute of limitations. The State raised the affirmative defenses of misuse of process, res judicata, and statute of limitations, and moved for summary judgment.

[¶4]   The district court granted the State's motion finding that Bell's claims were barred for misuse of process and outside the statute of limitations. The court found that *Pickens* did not advance a new rule of law, and that Bell failed

to apply for relief within two years of the *Pickens* decision because Bell's alleged inability to access state case law while in federal prison did not qualify as a "physical disability" under N.D.C.C. § 29-32.1-01(3)(a)(2).

II

[¶5]   "Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Bridges v. State*, 2022 ND 147, ¶ 5, 977 N.W.2d 718. "Summary disposition of an application for postconviction relief after the State responds is akin to summary judgment under N.D.R.Civ.P. 56." *Id*. at ¶ 6. Summary judgment is appropriate against a party who fails to establish the existence of a factual dispute on an essential element of a claim. *Riemers v. Omdahl*, 2004 ND 188, ¶ 4, 687 N.W.2d 445. A party may not simply rely upon the pleadings or upon unsupported, conclusory allegations. *Id*. "A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means . . . raising a material factual issue[.]" *First Nat. Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D. 1983) (citations omitted).

[¶6]   A post-conviction application may be brought if "[a] significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively[.]" N.D.C.C. § 29-32.1-01(1)(f). A post-conviction application must be filed within two years of a final conviction unless (1) the petitioner alleges newly discovered evidence; (2) the petitioner establishes he suffered from a *physical disability* or mental disease that precluded timely assertion; or (3) the petitioner asserts a new interpretation of law that is retroactively applicable to his case. N.D.C.C. § 29-32.1-01(2) and (3) (emphasis added).

[¶7] The term "physical disability" is not defined in the Uniform Postconviction Procedure Act. However, it does appear at least one place in North Dakota law. The North Dakota Human Rights Act prohibits the State from discriminating on the basis of "any mental or physical disability" in certain enumerated activities. N.D.C.C. § 14-02.4-01. The term "disability" is further defined in that statute as a "physical or mental impairment that substantially limits one or more major life activities . . . ." N.D.C.C. § 14-02.4-

02(5). Black's Law Dictionary defines "physical disability" as "[a]n incapacity caused by a physical defect or infirmity, or by bodily imperfection or mental weakness." 559 (10th ed. 2014). *See also Ligtenberg v. State*, 2016 WL 3223207, *4 (Minn. Ct. App. 2016) ("Imprisonment is not a physical disability" within the context of Minnesota's similar post-conviction relief statute.).

[¶8]   Our law requires that "[w]ords used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears . . . ." N.D.C.C. § 1-02-02. "Words in a statute are given their plain, ordinary, and commonly understood meaning . . . ." *State v. Houkom*, 2021 ND 223, ¶ 7, 967 N.W.2d 801 (quoting *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894). "We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute merely surplusage." *Id*. (quoting *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105).

[¶9]   Here, Bell argues his post-conviction relief application should be considered even though it was submitted more than two years after his conviction became final, and two years after the *Pickens* decision was made. Bell argues the "restraint of being incarcerated in a federal facility with limited access to caselaw" constitutes a "physical disability" under N.D.C.C. § 29-32.1-01(3)(a)(2). He further argues this "restraint" prevented him from learning about *Pickens*, 2018 ND 198, ¶ 16, a case he argues creates a new rule of law that would apply retroactively, is directly applicable to him, and would reverse his conviction.

[¶10] We need not reach the merits of his argument that *Pickens* advances a new rule of law that would apply retroactively to Bell's case. We conclude the statutory meaning of "physical disability" within N.D.C.C. § 29-32.1-01(3)(a)(2) does not include an inability to access state case law while serving a sentence in a federal prison. A plain reading of "physical disability" would not include such an interpretation and would render the subsequent term "mental disease" as meaningless within the context of the statute as a whole. The term also closely resembles the term "disability" in N.D.C.C. § 14-02.4-02(5) which includes the phrase "physical or mental impairment" to which a physical

3

inability to access state case law would not conform as a commonly understood meaning. Finally, Black's Law Dictionary definition, which includes "physical defect or infirmity, or by bodily imperfection or mental weakness," more closely reflects a plain understanding of the term "physical disability." Therefore, as a matter of law, the district court did not err in determining that Bell's claim was precluded as untimely because he did not suffer from a "physical disability" that would excuse his untimely application.

[¶11] Bell's argument that the term "physical disability" includes limitations on access to state case law as the result of being held in a federal correctional facility is not supported by our law and is without merit. The district court's judgment to summarily dismiss Bell's post-conviction relief application is affirmed.

[¶12] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte