# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 112

State of North Dakota,                                                    Plaintiff and Appellee

v.

Evan Donald Lonechild,                                              Defendant and Appellant

## No. 20230032

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Beau M. Cummings, State's Attorney, Devils Lake, ND, for plaintiff and appellee; submitted on brief.

Ulysses S. Jones, Devils Lake, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Evan Donald Lonechild appeals a criminal judgment finding him guilty of escape under N.D.C.C. § 12.1-08-06 after entering a conditional plea of guilty. Lonechild was charged with escape after being placed in the Lake Region Residential Reentry Center ("Reentry Center") following a probation violation and subsequently failing to return to the facility while exercising work release privileges. Lonechild argues he was not in "official detention" as defined by N.D.C.C. § 12.1-08-06(3)(b) because he was on probation when he left the Reentry Center. We affirm.

I

[¶2]   Lonechild was convicted of aggravated assault and interference with an emergency telephone call. His sentence included three years of incarceration with two years suspended, and he was placed on supervised probation for a period of two years.

[¶3]   Following a petition to revoke Lonechild's probation, Lonechild was placed into the custody of the Reentry Center. While at the Reentry Center, Lonechild left the facility while participating in a work release program and failed to return to the facility. As the result of failing to return to the facility, he was charged with escape under N.D.C.C. § 12.1-08-06.

[¶4]   Lonechild sought dismissal of the escape charge arguing he was not in "official detention" while at the Reentry Center because he was on probation— a condition he argues is excluded from "official detention" under N.D.C.C. § 12.1-08-06(3)(b). The district court denied Lonechild's motion to dismiss after finding Lonechild to have been in "official detention." Lonechild entered a conditional plea of guilty preserving his right to appeal the denial of his motion to dismiss the charge.

[¶5]   This Court reviews questions of statutory interpretation under a de novo standard of review. *State v. Houkom*, 2021 ND 223, ¶ 7, 967 N.W.2d 801. "Construction of a criminal statute is a question of law, fully reviewable by this Court." *Id.* (quoting *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105). "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *Id.* (quoting *State v. Bearrunner*, 2019 ND 29, ¶ 5, 921 N.W.2d 894 (citing N.D.C.C. § 1-02-02)). "We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage." *Id.* (quoting *Buchholz*, at ¶ 6).

[¶6]   The escape statute, N.D.C.C. § 12.1-08-06(1), provides:

> A person is guilty of escape if, without lawful authority, the person removes or attempts to remove himself from official detention or fails to return to official detention following temporary leave granted for a specified purpose or limited period. A person who is subject to official detention under this section is guilty of escape, if while outside the state of North Dakota and without lawful authority, the person removes or attempts to remove himself from official detention, or fails to return to official detention following temporary leave granted for a specified purpose or limited period, when at the time the person is in the legal custody of a warden of the penitentiary, department of corrections and rehabilitation, or other competent authority by virtue of a lawful commitment to official detention.

The statute further defines "official detention" as:

> [A]rrest, custody following surrender in lieu of arrest, detention in any facility for custody of persons under charge or conviction of an offense or alleged or found to be delinquent, detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance, detention for extradition, home detention as authorized by chapter 12-67, or custody for purposes incident to the foregoing,

including transportation, medical diagnosis or treatment, court appearances, work, and recreation, or being absent without permission from any release granted while under custody of a sentence such as work or education release, community confinement, or other temporary leaves from a correctional or placement facility. *Official detention does not include supervision on probation or parole or constraint incidental to release*.

N.D.C.C. § 12.1-08-06(3)(b) (quotation marks omitted) (emphasis added).

[¶7] Lonechild argues he was on probation or "constraint incidental to release" when he left the Reentry Center, and was therefore not in "official detention." He argues the exceptions found in N.D.C.C. § 12.1-08-06(3)(b) that state "[o]fficial detention does not include supervision on probation or parole or constraint incidental to release" apply to him and exclude his situation from the definition of "official detention."

[¶8] This Court clarified in *State v. Stenhoff*, 2019 ND 106, ¶ 13, 925 N.W.2d 429, that a defendant can be placed into custody at a correctional facility for a probation violation, and that placement therein does not terminate or suspend a defendant's probation. "Official detention" as defined by N.D.C.C. § 12.1-08-06(3)(b) precludes only "supervision on probation" and "constraint incidental to release." The definition of "official detention" does not preclude custody while on probation. *See Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 12, 829 N.W.2d 453 ("[T]his Court has consistently recognized that it must be presumed the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed."). Furthermore, Lonechild's constraint at the Reentry Center was not "incidental to release" of any kind. Lonechild was ordered to the custody of the Reentry Center which constitutes a "facility for custody of persons under charge or conviction of an offense[.]"

[¶9] The district court found "[Lonechild] was in custody at the time when he at the halfway house [sic] when he walked away from the halfway house[.]" The court did not err by finding Lonechild was in custody at a "facility for custody of persons under charge or conviction of an offense" when he was ordered to reside at the Reentry Center. The court properly determined

Lonechild was in "official detention" as defined by N.D.C.C. § 12.1-08-06(3)(b) and did not err by denying his motion to dismiss the charge of escape.

III

[¶10] The district court's judgment denying Lonechild's motion to dismiss is affirmed.

[¶11]   Jon J. Jensen, C.J.
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte
   Douglas A. Bahr