# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 108

State of North Dakota,                                    Plaintiff and Appellee

v.

Hope Marie Landsberger,                              Defendant and Appellant

## No. 20240255

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Robert N. Togni, Assistant's State's Attorney, Bismarck, ND, for plaintiff and appellee.

Steven J. Fischer, Bismarck, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Hope Marie Landsberger appeals from a district court judgment finding her guilty of providing false information to law enforcement. She argues the district court erred by failing to instruct the jury on the essential elements of the charged offense. We affirm.

I

[¶2]   Landsberger and Nathan Vetter share custody of their infant child. In October 2023, an officer met with Landsberger at a hospital emergency room when she reported Vetter for possible child neglect. She claimed Vetter returned their child to her with a mouth injury and refused to explain how it occurred. The officer spoke with Vetter who provided a recording of the exchange. Landsberger alleges she repeatedly asked Vetter how the injury occurred, however, the recording showed Landsberger did not speak to Vetter during the exchange. Vetter also showed the officer a message he sent to Landsberger explaining a different incident involving their child, to which Landsberger replied "got it." The officer stated in the probable cause affidavit Landsberger's report "materially misled law enforcement to investigate an issue that was not present" and that Landsberger has been filing police reports against Vetter since June 2023. Each report has been deemed unfounded due to lack of supporting evidence and Landsberger providing false statements.

[¶3]   Landsberger was charged with willfully giving false information to a law enforcement officer in violation of N.D.C.C. § 12.1-11-03(1). A jury trial was held and Landsberger was found guilty. Landsberger timely appeals.

II

[¶4]   Landsberger argues the district court erred by providing jury instructions that did not adequately instruct on the essential elements of the offense. She claims the instructions lacked specificity as required by law.

1

"Jury instructions are fully reviewable on appeal. This Court reviews jury instructions as a whole and determines whether they correctly and adequately inform the jury of the applicable law, even though part of the instructions standing alone may be insufficient or erroneous. Reversal is appropriate only if the instructions, as a whole, are erroneous, relate to a central subject in the case, and affect a substantial right of the accused."

*State v. Landrus*, 2019 ND 162, ¶ 7, 930 N.W.2d 176 (cleaned up).

[¶5] The purpose of jury instructions are to:

"correctly and adequately advise the jury of the applicable law. Jury instructions must not be misleading or confusing. We review the instructions as a whole to determine whether they correctly and adequately advise the jury of the applicable law even if part of the instruction standing alone may be insufficient or erroneous. We will only reverse a conviction based on an improper jury instruction if the instruction relates to a central subject in the case and affects a substantial right of the defendant."

*State v. Gaddie*, 2022 ND 44, ¶ 6, 971 N.W.2d 811 (cleaned up).

[¶6] The district court provided the following jury instructions:

"FALSE INFORMATION OR REPORT TO LAW ENFORCEMENT OFFICER

A person who willfully gives false information or a false report to a law enforcement officer which that person knows to be false, and the information or report may interfere with an investigation or may materially mislead a law enforcement officer is guilty of False Information or Report to Law Enforcement Officer.
ESSENTIAL ELEMENTS OF OFFENSE

The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

1) On or about October 15, 2023, in Burleigh County, North Dakota;
2) the Defendant, Hope Marie Landsberger,

> 3) willfully gave false information to a law enforcement officer,
> 4) She knew the information to be false,
> 5) The information may have interfered with an investigation or may have materially misled a law enforcement officer."

[¶7]   Here, Landsberger requested the district court modify the jury instructions to require a finding that "the defendant provided Bismarck police officers with false information the defendant knew to be false that materially misled officers in the course of a child neglect investigation." Landsberger argued that the instructions should match the charging documents in the case, and that the requested changes to the court's proposed instructions were required to comply with *State v. Houkom*, 2021 ND 223, 967 N.W.2d 801.

[¶8]   The district court denied Landsberger's request by concluding, "if I granted your request, then an element of the crime would be that she did interfere and that's not what the statute requires, only may have interfered with an investigation or may have materially misled a law enforcement officer." We agree with the district court judge's ruling.

[¶9]   The district court's jury instructions specify the date, location, and all elements of N.D.C.C. § 12.1-11-03(1). Landsberger's requested instruction would have added elements to the offense that the statute does not contain. In particular, her requested instruction changed the intent element from "willfully" to "knew." Her requested instruction also would have increased the State's burden of showing the false information "materially mislead officers" instead of the statutory requirement that the false information "may interfere with an investigation or may materially mislead a law enforcement officer." N.D.C.C. § 12.1-11-03(1). Taken as a whole, the court's instructions were not generalized, and adequately advised the jury of the applicable law. *See Landrus,* 2019 ND 162, ¶ 7 (stating jury instructions are fully reviewable on appeal and will only be reversed if, taken as a whole, the instructions are erroneous).

[¶10] Landsberger argues the district court's jury instruction was defective under our holding in *Houkom* because the instruction lacked the requirement that the State prove the defendant may have interfered with a specific investigation

3

or materially misled a specific law enforcement officer. 2021 ND 223. She claims *Houkom* required proof that the defendant's false statements did more than "possibly have interfered with a hypothetical investigation or could have materially misled a hypothetical officer."

[¶11] Landsberger's reliance on *Houkom* is misplaced. In *Houkom* we concluded N.D.C.C. § 12.1-11-03 was "clear on its face and unambiguous." *Houkom*, 2021 ND 223, ¶ 8. Under the clear statute, we reversed the conviction for failure of proof on an element of the crime. We stated:

> "Here, no investigation of Houkom was underway when she provided the false name, so the false name cannot be said to have been made in an official proceeding or matter relating to her since any suspicion about her began as a result of the statement. Because there is no testimony explaining any possibility that Houkom's false name may have misled [the officer] in his attempt to locate the male, on the specific facts of this case no reasonable factfinder could find the required materiality to be satisfied."

[¶12] Unlike in *Houkom*, the evidence in this case supported charging and convicting Landsberger of providing false information to a particular law enforcement officer. The false information provided to law enforcement by Landsberger directly related to a purported crime involving her child. Therefore, our reversal of Houkom's conviction was on grounds not involved here, and we reject Landsberger's claim the holding in that case directs the result in her case.

III

[¶13] The jury instructions taken as a whole were not erroneous and advised the jury of the applicable law. We affirm the district court's judgment finding Landsberger guilty of providing false information to law enforcement.

[¶14] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr

4